Gianpiero **FALLANI** and **Roberta Scarpettini Fallani, Plaintiffs,**

v.

**AMERICAN WATER CORPORATION, Nordic International Corporation, and Ivo E. Pera, Defendants.**

**No. 83–6011–CIV–JAG.**

United States District Court,
S.D. Florida, N.D.

Oct. 25, 1983.

Stephen R. Koons, McGee, Jordan, Shuey, Koons & Schroeder, Lake Worth, Fla., Francis X. McCullough, Watt, Tieder, Killian & Hoffar, McLean, Va., for plaintiffs.

Thomas R. Tatum, Tatum & Tatum, P.A., Fort Lauderdale, Fla., E.J. Generotti, Dell & Schaefer, P.A., Hollywood, Fla., for defendants.

## ORDER

JOSE A. GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon the Defendant's motions to dismiss, to strike, and to decline exercise of pendent jurisdiction. The motions to dismiss and to strike are dealt with in summary fashion below. This Order focuses on the issue of the Court's pendent jurisdiction.

The Plaintiffs, Gianpiero Fallani, and his wife, Roberta Scarpettini Fallani, are citizens of Italy. They have sued American Water Corporation and Nordic International Corporation, both Florida corporations with their principal places of business in Florida, and Ivo E. Pera, a citizen of Florida, for alleged violation of section 17 of the Securities and Exchange Act of 1933, 15 U.S.C.A. § 77q(a) (1981), section 10 of the Securities and Exchange Act of 1934, 15 U.S.C.A. § 78j(a) (1981), Rule 10B–5, 17 C.F.R. § 240.10B–5 (1983), and section 517.-01 et seq. of the Florida Securities Act. Additionally, the Plaintiffs charged the Defendants with conspiracy to commit common law fraud in connection with the Fallanis' purchase of three hundred (300) shares of the capital stock of American Water Corporation.

■ The Fallanis' Second Amended Complaint sets forth two independent grounds upon which the Court's jurisdiction depends: diversity of citizenship, 28 U.S.C.A. § 1332(a)(2) (West Supp.1983), and the presence of federal questions, 28 U.S.C.A. § 1331 (West Supp.1983). If jurisdiction is based solely on section 1331, then the Court would have to exercise the discretionary doctrine of pendent jurisdiction in order to entertain the state law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The Defendants have urged the Court to decline consideration of the pendent state claims, arguing that the confusion they will cause far outweighs the benefits to judicial economy and convenience. *See Stowell v. Ted S. Finkel Investment Services, Inc.*, 489 F.Supp. 1209, 1217–18 (S.D.Fla.1980).

The threshold issue to be resolved here is whether the proper pleading of diversity jurisdiction obviates the need to decide whether the Court should exercise pendent jurisdiction over the state claims.

The Plaintiffs contend that having properly pleaded diversity jurisdiction, the Court must exercise its power to hear the federal question and state claims, too. In support of their position, they cite the district court's decision in *Time, Inc. v. T.I. M.E., Inc.*, 123 F.Supp. 446 (S.D.Cal.1954). *Time* involved an action brought by publishers of the news magazine against operators of a trucking service for trademark infringement and unfair competition. As grounds for jurisdiction, the plaintiff properly pleaded diversity of citizenship, a federal question under the Lanham Trade-Mark Act, 15 U.S.C.A. § 1121 et seq. (1982), and pendent jurisdiction under 28 U.S.C.A. § 1338(b) (1976).

Among the issues resolved in *Time* was whether the court should exercise jurisdiction over the state claims. The court elected to do so, holding that "where ... diversity of citizenship exists, pendent jurisdiction under 28 U.S.C. § 1338(b) adds nothing to, and fully coincides with, diversity jurisdiction under 28 U.S.C. § 1332 ...." 123 F.Supp. at 453. From this holding, the Plaintiffs here reason that once a court has jurisdiction over a cause based on diversity, it automatically has jurisdiction over federal questions and state law claims.

Although the Plaintiffs' position is correct, their reliance on *Time* is misplaced. The *Time* court did not exercise pendent jurisdiction over the state claims because it already had diversity jurisdiction. Rather, the court exercised pendent jurisdiction because 28 U.S.C. § 1338(b) required such a result. As the court observed, "[t]he pendent jurisdiction statute ... necessarily presupposes a claim of unfair competition arising otherwise than 'under the copyright, patent or trade-mark laws,' since unless so interpreted § 1338(b) would confer no jurisdiction additional to that already conferred by § 1338(a) and so would be mere surplusage." *Id.* Thus, the *Time* court was absolutely correct in noting that pendent jurisdiction "fully coincide[d]" with diversity jurisdiction, because Congress had specifically authorized both jurisdictional grounds.

 Such is not the situation in the case at bar. There exists no federal statute conferring upon the Court jurisdiction over the pendent state claims. Moreover, if the Defendants' arguments are taken as correct, the exercise of jurisdiction over the state claims is undesirable. DEFENDANT AMERICAN WATER CORPORATION'S MOTION TO DECLINE EXERCISE OF PENDENT JURISDICTION AND MEMORANDUM OF LAW ¶ 2 (filed Mar. 25, 1983) (relying on *Stowell v. Ted S. Finkel Investment Services, Inc.*, 489 F.Supp. 1209 (S.D.Fla.1980). The task before the Court is to decide whether the existence of diversity jurisdiction automatically confers upon the Court jurisdiction to hear the state claim. The Court holds that it does.

Diversity jurisdiction provides that a federal court may entertain a suit involving claims under state law provided the parties are of diverse citizenship. 28 U.S.C.A. § 1332 (West Supp.1983). Thus, in the instant case, if the Plaintiffs had merely brought an action under F.S. § 517.01 et seq. and common law fraud, the Court could entertain the suit because the parties satisfy the requirements of § 1332(a)(2). Instead, the Plaintiffs' multiple-count complaint alleges violations of the federal and state securities laws, as well as common law fraud. With diversity jurisdiction already properly pleaded, the Court has the power to adjudicate all those claims which would otherwise be tried in state court. Although the state claims are deemed pendent for purposes of federal question jurisdiction, the Court must first consider whether it can entertain them under diversity jurisdiction because they fall within the ambit of issues adjudicated by a court sitting in a diversity case.

Even if there existed a federal question, the federal court is not required to exercise jurisdiction over the state claim unless it finds that the state and federal claims "derive from a common nucleus of operative fact" and are such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers v. Gibbs*, 383 U.S. at 725, 86 S.Ct. at 1138. Furthermore, absent diversity, there would not be a need to protect out-of-state litigants from prejudice in the 'local' federal forum. *See Bank of the United States v. Deveaux*, 5 Cranch 61, 87, 3 L.Ed. 38 (1809). Thus, the underlying rationale for accepting jurisdiction of a state claim would not apply.

This scheme for handling cases containing both federal questions and diversity of citizenship is wholly consistent with the notion that federal courts only possess limited jurisdiction.[1] In an action in which

1. The concept of limited jurisdiction contem- plates that a federal court will not accept juris-

there exists diversity of citizenship, the Court can exercise jurisdiction over the state claims—otherwise considered pendent due to the presence of federal questions—without unnecessarily expanding the breadth of federal question jurisdiction. This procedure is in harmony with, although different in result from, the preferred rule among the federal courts of the Southern District of Florida. These courts prefer not to entertain securities cases containing state and federal claims because, invariably, the federal claim is dismissed, leaving the court with only the state claim to adjudicate. Although this Court adheres to that rule, it must deviate where, as here, the parties are of diverse citizenship.

To recapitulate, section 1332(a)(2) confers subject matter jurisdiction over the Plaintiffs' state claims, while section 1331 confers similar jurisdiction over their federal claims. As such, no pendent jurisdiction issue is raised, and the Defendants' Motion to Decline Exercise of Pendent Jurisdiction is mooted.

The Defendants also have moved to dismiss the Second Amended Complaint or to strike various portions of said complaint. The Court has considered these motions, and being otherwise duly advised, it is

ORDERED AND ADJUDGED that:

1. The Motion to Dismiss Count 1, alleging violation of section 17 of the Securities and Exchange Act of 1933, be and the same is hereby GRANTED. The Court finds that there is no private right of action under section 17. *See Landry v. All American Assurance Co.*, 688 F.2d 381 (5th Cir.1982).

2. The Motion to Dismiss Count 2, alleging violation of section 10(b) of the Securities and Exchange Act of 1934, be and the same is hereby DENIED. In *Superintendent of Insurance of the State of New York v. Bankers Life and Casualty Co.*, 404 U.S. 6, 12 n. 9, 92 S.Ct. 165, 169 n. 9, 30 L.Ed.2d 128 (1971), the Supreme Court held that there is a private right of action implied under section 10(b).

3. The Motion to dismiss Count 3, alleging violation of Rule 10B–5, be and the same is hereby GRANTED. The Plaintiffs have failed to allege any facts indicating that they exercised due diligence in connection with the purchase or sale of securities. *See Dupuy v. Dupuy*, 551 F.2d 1005 (5th Cir.), *cert. denied*, 434 U.S. 911, 98 S.Ct. 312, 54 L.Ed.2d 197 (1977); *Hendrickson v. Westland Mineral Corp.*, 463 F.Supp. 826, 829 (S.D.Fla.1978) (Gonzalez, J.). Simply because the Plaintiffs flew to the United States "to learn about the proposed transaction," SECOND AMENDED COMPLAINT ¶ 8 (filed Aug. 24, 1983), does not constitute due diligence. Where, as here, the Plaintiffs failed to have translated a contract written in a language which they did not understand, and where, as here, the Plaintiffs failed to reflect on the import of said contract for any reasonable amount of time, "due diligence" is sorely lacking.

4. The Motion to dismiss Counts 4 and 5, alleging common law fraud and violation of F.S. § 517.01 et seq., be and the same is hereby GRANTED IN PART AND DENIED IN PART. The Defendants first attempt to have both Counts dismissed under the pendent jurisdiction motion. That motion having been denied, the question now is whether the Plaintiffs plead a prima facie case under the statute and Florida securities law. The Court finds that they satisfy this threshold requirement. The Defendants are correct, however, in their position that the Plaintiffs can seek only recission of the stock purchase agreement that is contested in the case at bar. Under FS § 517.211(2) (1981), the remedies of recission and money damages are mutually exclusive. Because the Plaintiffs still own the securities in question, the only remedy available under section 517.211(2) is recission.

5. The Motion to Strike particular portions of the Plaintiffs' Second Amended

diction of any claim unless the petitioner demonstrates that the court has the authority to hear the case. *Turner v. President, Directors and*

*Company of the Bank of North America,* 4 Dall. 8, 1 L.Ed. 718 (1799); C. Wright, *Law of Federal Courts* § 7, at 17 (1976).

Complaint be and the same is hereby GRANTED IN PART AND DENIED IN PART.

a. The Motion to Strike Plaintiff's Demand for Attorney Fees be and the same is hereby DENIED.

b. The Motion to Strike Plaintiff's Demand for Punitive Damages be and the same is hereby DENIED.

c. The Motion to Strike Plaintiff's allegations concerning a conspiracy to defraud the Plaintiffs be and the same is hereby GRANTED.