**Roger L. SUMMER, Plaintiff,**

v.

**LAND & LEISURE, INC., et al., Defendants.**

**No. 78–810–CIV–JAG.**

United States District Court, S.D. Florida, S.D.

Sept. 14, 1983.

C. Robert Murray, Jr., Miami, Fla., for plaintiff.

Robert Fischer, Cooper City, Fla., Guy B. Burns, St. Petersburg, Fla., Burton Ginsberg, North Miami Beach, Fla., Jesse C. Jones, Bailey & Dawes, Michael Olin, Miami, Fla., Carl L. Liggio, Arthur Young & Co., New York City, for defendants.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon several pending motions. The court has considered the record and heard extensive oral argument by counsel.

Between June 24, 1971 and January 3, 1973, plaintiff, Roger L. Summer, purchased a total of 9,500 shares of Land & Leisure common stock in eleven installments at a total cost of $54,000.00. On February 23, 1978, Mr. Summer filed a complaint in the United States District Court for the Southern District of Florida alleging violations of the federal securities laws under Sections 11, 12(2) and 17 of The Securities Act of 1933, and of Section 10(b) of The Securities Exchange Act of 1934. Mr. Summer also claimed that by reason of a conspiracy among the several defendants to defraud investors and to conceal the fraud, the defendants engaged in a fraud actionable at common law.

On May 2, 1979, this court dismissed Mr. Summer's federal claims as barred by the statute of limitations and his pendent state claims because of the dismissal of the federal claims.

On December 28, 1981, the Fifth Circuit Court of Appeals reversed this court's findings that Mr. Summer's Section 10(b) and Section 17 claims were barred by the statute of limitations. The Fifth Circuit upheld this court's dismissal of Plaintiff's § 11 and § 12(2) claims. *Summer v. Land & Leisure, Inc.*, 664 F.2d 965 (5th Cir.1981).

As a result, there is no federal claim against the individual defendants, Guy B. Bailey, Sr., Guy B. Bailey, Jr., Areca Stone Bailey, and Charlotte Babcock, pending before this court.

### The Pendent State Claims

In *Stowell v. Ted S. Finkel Investment Service, Inc.,* 489 F.Supp. 1209 (S.D. Fla.1980), the court dismissed a pendent state claim for common law fraud which had been joined to a federal securities claim. The court there determined that a case coupling a Florida common law fraud claim with a federal 10(b)(5) claim, was not one in which the power of pendent jurisdiction should be exercised. The court noted that the likelihood of jury confusion was great, and that the state law fraud claim constituted the "real body" of the case. *Id.* at 1215.

The court encouraged other district courts to decline the exercise of pendent jurisdiction over Florida common law claims included in federal 10(b)(5) actions. Judge King noted that "the plaintiffs in these actions are not prejudiced by the court's refusal to hear such state claims either at the inception of the case or at any other time during the pendency of the case before the court." *Id.* at 1220. The expiration of the statute of limitations during the pendency of the action would not prevent plaintiffs subsequent filing in state court since the running of the statute is tolled upon filing in federal court. Nor would plaintiffs be barred by collateral estoppel or res judicata from asserting their claims in the appropriate state forum.

Admittedly the state fraud claims may arise from the same set of events that give rise to federal 10b–5 claims. Nevertheless, district courts should not decide state claims which interfere with the proper adjudication of federal claims in the federal forum. The district courts must dismiss these claims in order to preserve the proper functions of federal courts. 489 F.Supp. at 1216–18. *Accord, Young v. Elgart,* Case No. 81–8163–CIV–EBD (S.D.Fla. November 23, 1981).

As in *Stowell,* plaintiff here seeks to join common law fraud claims with his federal securities claims. The same potential for confusion and pervasiveness of the state law claims noted by Judge King in *Stowell* exists here. In fact, plaintiff claims only $54,000 in damages for his federal claims, but wants $594,000 for his state claims.

An even more compelling reason to dismiss the state claims against the individual defendants is that there is no pending federal claim against said defendants before this Court.

It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present, the federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them ... Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties by procuring for them a surefooted reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedies sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals ... Finally, there may be reasons independent of jurisdictional considerations, such as the likelihood of jury confusion in treating divergent legal theories of relief, that would justify separating state and federal claims for trial ... If so, jurisdiction should ordinarily be refused. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726–727, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

Plaintiff has no federal claim against the individual defendants. A trial of these state claims against the individual defendants together with the plaintiff's federal

claims against the other defendants would result in jury confusion and involve this court in the needless decision of state law.

Accordingly, this court finds that Plaintiff's state claims against Land & Leisure and the individual defendants should be dismissed.

*Defendant Raymond James and Associates, Inc's Motion to Dismiss the Complaint and the Amendments thereto and Motion to Strike Plaintiff's Complaint and the Amendments Thereto*

■ On the other hand, this court finds that Defendant, Raymond James and Associates, Inc.'s Motion to Dismiss the Complaint and the Amendments thereto and Motion to Strike Plaintiff's Complaint and the Amendments thereto should be denied since the complaint complies with Rule 9(b) and, therefore, states a claim upon which relief can be granted under Section 10(b) of the Exchange Act, and Rule 10(b)(5).

The particularity requirement of Rule 9(b) has been satisfied by the plaintiff by including with his allegations a statement of the facts upon which his belief is founded.

In determining what level of specificity is required, the background of the parties and the information available to them must be considered.

The defendant, Raymond James & Associates, Inc. is a large corporation whose principal business is to underwrite public offerings of securities. On the other hand, Roger L. Summer is a small stockholder without access to much of the information necessary to successfully plead securities fraud allegations as required by Rule 9(b), Federal Rules of Civil Procedure.

In *Felton v. Waltson & Company Incorporated,* 508 F.2d 577 (2d Cir.1974), an action alleging fraud in the sale of stock, the court held that while the allegations were not as specific as might be desired, they did specify the agreements and amounts involved in the alleged misrepresentation. The court in *Felton* stated that it may well be that plaintiffs have no claim against the defendant but the proper manner in which to determine whether a claim exists is to require an answer and, if necessary, a trial of those issues. *Id.* at p. 185.

While the purpose of Rule 9(b) is to discourage unnecessary litigation, strict application of Rule 9(b) in an action by a private individual for securities fraud could result in substantial unfairness to persons who are the victims of fraudulent conduct.

This court finds that the allegations of the complaint and the amendments thereto comply with Rule 9(b) and therefore state a claim upon which relief can be granted under Section 10(b) of the Exchange Act and Rule 10b–5.

In *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976), the Supreme Court held that the Rule 10b–5 implied cause of action requires a showing of scienter. The Court defined scienter as "a mental state embracing intent to deceive, manipulate or defraud." *Id.* at 193, 96 S.Ct. at 1381.

In *Huddleston v. Herman & Maclean,* 640 F.2d 534 (5th Cir.1981), the Fifth Circuit concluded that recklessness can, under certain circumstances, be sufficient to establish scienter for purposes of a Rule 10b–5 cause of action. The Court held that reckless conduct sufficient to serve as scienter must involve more than simple, or even inexcusable negligence. It requires an extreme departure from the standards of ordinary care which presents the danger of misleading buyers or sellers. *Id.* at 545.

Plaintiff has alleged that the defendant, Raymond James, knew at all times that the representations made to the plaintiff were untrue, that each was made for the purpose of allaying any concern of plaintiff about the safety of his investment, and that each was designed to cause plaintiff not to begin any action to enforce his legal rights against the company, or any of the parties involved in the preparation and dissemination of the false prospectus, or the cover-up. The foregoing considered, plaintiff has alleged scienter sufficient to plead a cause of action under Rule 10b–5.

*Defendant Arthur Young and Company's Motion to Dismiss*

Arthur Young and Company, accountants, has moved to dismiss plaintiff's complaint which alleges that plaintiff relied on a 1971 Land & Leisure offering prospectus containing financial statements reported on by Arthur Young before purchasing Land & Leisure securities.

Arthur Young moves on the following grounds:

(1) That Summer's claims are barred by the statute of limitations.

(2) That Summer may not recover for his last seven purchases of Land & Leisure securities because there could be no justifiable reliance as a matter of law on the Land & Leisure prospectus, and especially on the financial statements after July, 1972.

(3) That Summer's complaint fails to comply with Federal Rule of Civil Procedure 9(b) in that it fails to allege fraud with particularity.

(4) That Summer's complaint fails to plead any aiding or abetting claim upon which relief could be granted.

(5) That Summer has no implied civil damages action under § 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), *et seq.*

(6) That Summer has no implied civil damages action under § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), *et seq.* because he had an express claim under § 11 of the 1933 Act and § 18 of the 1934 Act.

(7) That the court lacks jurisdiction of Summer's pendent state law claims.

Arthur Young argues that Summer's first four purchases are governed by the two year period of limitations contained in Section 517.21, Florida Statutes.

■ Arthur Young was under an affirmative duty to correct its misleading opinion and certificate in the prospectus relied upon by Summer in the purchase of his stock. *Sharp v. Coopers & Lybrand,* 649 F.2d 175 (3d Cir.1981), cert. denied, 455 U.S. 938, 102 S.Ct. 1427, 71 L.Ed.2d 648 (1982). The silence of Arthur Young may be deemed

fraudulent to avoid a bar of limitations where the relationship of the parties imposes a duty upon the defendant to make the necessary disclosure. The amended complaint sufficiently alleges that various representatives of Arthur Young & Company made representations to Summer which may reasonably have led him to believe that Land & Leisure was in good financial condition and that his investment in the company was safe.

■ Arthur Young asserts that the question of due diligence presents a question of law which may be resolved by the court on a motion to dismiss, citing *Berry Petroleum Co. v. Adams & Peck,* 518 F.2d 402 (2d Cir.1975).

In *Aldrich v. McCulloch Properties, Inc.,* 627 F.2d 1036 (10th Cir.1980), however, the court noted that the question of a plaintiff's due diligence in discovering the basis of his suit where the doctrine of equitable tolling is involved does not lend itself to a determination as a matter of law. 627 F.2d at 1042.

■ The court finds, therefore, that plaintiff's claim as to the first four purchases are not irrevocably barred by the statute of limitations.

■ As its second ground for dismissal of the complaint, Arthur Young alleges that Summer may not recover for his last seven purchases of Land & Leisure securities because there can be no justifiable reliance as a matter of law on the Land & Leisure prospectus, especially the financial statements contained therein after July 1972.

The prospectus relied upon by Summer in the purchase of his stock in Land & Leisure was issued in June, 1971. This prospectus contained accounting information and a certificate issued by Arthur Young & Company. (Neither Land & Leisure nor Arthur Young provided to any shareholder of Land & Leisure any further information concerning the financial status of the company.) Summer made his first purchase of Land & Leisure stock on June 24, 1971, and his last purchase on January 3, 1973, 18 months

later. Arthur Young argues that due to the passage of time the prospectus became stale, and, as a matter of law, Summer cannot rely upon the prospectus for his later purchases.

In *Sharp v. Coopers & Lybrand,* 457 F.Supp. 879 (D.C.P.A.1979) the district court noted that under Section 10(b) of the Exchange Act and Rule 10b–5, a duty was imposed upon an accounting firm to correct an opinion letter after it learned that information contained in it was materially misleading, and that the failure to do so rendered the firm liable to subsequent investors.

This court finds that Arthur Young may not avoid this duty to correct materially misleading information by alleging that Summer's reliance upon the prospectus was no longer justified.

■ As to Arthur Young's third ground for dismissal, this court finds that the complaint pleads fraud with sufficient particularity to comply with the requirements of Rule 9(b), F.R.Civ.Proc.

The allegations of the complaint specifically disclose that Arthur Young did not give a disclaimer of opinion, did not limit its opinion, but rather gave a "clean" opinion as to the financial information contained in the prospectus of the fact that its independence had been compromised by a deal between Arthur Young and Land & Leisure for the payment of past due auditing and accounting fees.

Summer alleges that Arthur Young had a financial interest in Land & Leisure arising out of a pledge of receivables to secure its past due accounting fees, and further that Arthur Young was to receive $50,000.00 as a partial payment on its past due accounting fees out of the proceeds of the public offering.

This allegation coupled with the plaintiff's allegation of Arthur Young's nondisclosure of its financial interest in Land & Leisure satisfies the requirements of Rule 9(b).

■ This Court further finds that Summer's aiding and abetting allegations state a claim upon which relief can be granted.

Summer's complaint alleges that Arthur Young as the auditor of Land & Leisure was under a duty to maintain its independence. Plaintiff alleges that Arthur Young knew or should have known that the prospectus did not contain any disclosure of the monies owed to it, or of the arrangement made with Land & Leisure for the payment of its past due accounting fees.

In *Brennan v. Midwestern United Life Insurance Co.,* 417 F.2d 147 (7th Cir.1969), the court held that an issuer aided and abetted violations of a broker-dealer by failing to take action to stop the violations when it had knowledge of them.

Plaintiff alleges that the failure of Arthur Young to see that the correct disclosure was made, or to issue a disclaimer of opinion, or a qualified opinion, as to the financial information disclosed in the prospectus makes it an aider and abetter of the activity of Land & Leisure in attempting to raise money from the public through the sale of its stock pursuant to the June, 1971 prospectus. These allegations state a claim upon which relief can be granted.

■ Arthur Young further argues that the complaint should be dismissed on the grounds that Summer has no implied civil damages action under § 17(a) of the Securities Exchange Act of 1933, 15 U.S.C. § 77q(a).

In *Landry v. All American Assurance Co.,* 688 F.2d 381 (5th Cir.1982), the Fifth Circuit held that no implied private right of action exists under Section 17(a) of the Federal Securities of 1933.

The plaintiffs in *Landry* were members of an "advisory board" of the St. Charles Bank and Trust Company. Plaintiffs alleged that the Chairman of the Board, and certain other officers and controlled entities, sold their common stock to plaintiffs in violation of the federal securities laws. An appeal followed the entry of a defense verdict, in which plaintiffs challenged the District Court's dismissal of their claims for

violations under § 17(a) of the Securities Act of 1933. *Id.* at 382–384.

The Court looked to the criteria set forth by the United States Supreme Court in *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) and subsequent cases in which the Supreme Court applied the *Cort* test to determine whether Congress intended to create a private cause of action under Section 17(a) and held:

> . . . . . it would appear that the *Cort* test as applied to § 17(a) of the Securities Act of 1933 points away from the implication of a private cause of action. This, together with the Supreme Court's interpretation of the test in recent years, leads us to the conclusion that the District Court correctly dismissed this theory of relief. *Id.* at 391.

This Court adopts the reasoning of the Fifth Circuit in *Landry, supra,* in holding that Section 17(a) of the Federal Securities Act does not create an implied private cause of action.

█ As to Summer's alleged implied civil claim for damages under Section 10(b) of the 1934 act, the United States Supreme Court has emphasized that the existence of private rights of action may be necessary to achieve the result at which a statute is aimed.

In *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975), the Supreme Court reaffirmed the availability of a private right of action under Section 10(b) of the 1934 Act specifically alluding to the language in *J.I. Case v. Borak,* 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964), concerning the necessity for supplemental private remedies without which Congressional protection of shareholders would be defeated. *See also Rondeau v. Mosinee Paper Corp.,* 422 U.S. 49, 95 S.Ct. 2069, 45 L.Ed.2d 12 (1975).

In *Ernst & Ernst v. Hochfelder, supra,* the Supreme Court stated:

> Section 18 of the 1934 Act creates a private cause of action against persons, such as accountants, who make or cause to be made materially misleading statements

and reports or other documents filed with the commission. 15 U.S.C. § 78R. We need not consider the question whether a cause of action may be maintained under Section 10(b) on the basis of actions that would constitute a violation of Section 18. Under Section 18, liability extends to persons who, in reliance on such statements, *purchased or sold the security whose price was affected by the statement.* 425 U.S. at 211, Note 31, 96 S.Ct. at 1389, note 31.

Section 18 liability, therefore, depends upon the purchase or sale of a security whose price was affected by false statements. Summer does not contend that the price at which he purchased his shares of Land & Leisure stock was affected by any statements made by Arthur Young. Summer claims that the prospectus on which he relied failed to adequately apprise him of the absence of "independence" on the part of Arthur Young in reporting on Land & Leisure's financial condition in the prospectus.

█ This court further finds that Section 11 does not preclude Summer's claim under Section 10(b). In *Pearlstein v. Justice Mortgage Investors,* (1979) Fed.Sec.L. Rep. (CCH) Section 96760 (M.D.Tex.1978) the Court stated:

> The Court believes, however, that *Ernst & Ernst* supports, rather than negates, the proposition that an implied action under Section 10(b) can be asserted on the basis of acts which also violate Sections 11 and 12. The Court in *Ernst & Ernst* relied on the procedural differences between the differences between the actions under Sections 11 and 12(2) of the 1933 Act and actions under Section 10(b) of the 1934 Act in determining that scienter should be required in 10(b) suits. In other words, since Section 10(b) does not have the same procedural requisites, e.g. shorter statute of limitations as do Sections 11 and 12, the Court felt an action under Section 10(b) should not be permitted on the basis of mere negligence alone. If the *Ernst & Ernst* Court was of the opinion that a 10(b) action could not be maintained for conduct also transgressing

the provisions of Sections 11 and 12, then their discussion of the procedural differences between the Sections would have been meaningless. The scienter requirement for a Section 10(b) action sufficiently distinguishes that cause of action from the causes of actions under Sections 11 and 12 of the 1933 Act, which do not necessitate the proof of scienter. Since the added burden of proving fraud is imposed upon the Plaintiff, this Court is of the opinion that it may proceed under 10(b) in this case for the alleged misstatements and omissions found in the prospectus. *Pearlstein,* supra, paragraph 96, 760, pages 94, 973 and 94, 974.

This court agrees with the reasoning of the *Pearlstein* court, supra, and holds that the fact that an exclusive remedy exists under Section 11 of the 1933 Act, and an additional remedy under Section 10(b) of the 1934 Act, does not suggest an expression by Congress that Section 11 was to be a defrauded purchaser's sole remedy.

Based upon this court's finding that substantial reasons exist why Summer's complaint should not be dismissed against Arthur Young and Company, it follows that this court has jurisdiction of Summer's pendent state law claims.

In conclusion, the court finds that dismissal of the pendent state law claims against the individual defendants, Guy B. Bailey, Sr., Guy B. Bailey, Jr., Areca Stone Bailey, and Charlotte Babcock, is appropriate there being no federal claims pending against these defendants. Dismissal of the pendent state claims against Land & Leisure is also appropriate. This court further finds that the Plaintiff's complaint against Raymond James & Associates, Inc. satisfies the requirements of Rule 9(b), F.R.Civ. Proc., and, therefore, states a claim upon which relief can be granted under Section 10(b) of the Exchange Act, and Rule 10(b)(5). The Court also finds that the plaintiff has sufficiently alleged the scienter required to state a cause of action for violation of Rule 10(b)(5) against defendants, Raymond James and Associates, Inc.

Based upon the Fifth Circuit's opinion in *Landry v. All American Assurance Co.,* 688 F.2d 381 (5th Cir.1982) this Court finds that no implied cause of action exists under Section 17(a) of the Federal Securities Act of 1933, 15 U.S.C. § 77q(a).

For the reasons stated, this court further finds that plaintiff, Roger Summer's complaint against Arthur Young & Company should not be dismissed.

Accordingly, it is ORDERED AND ADJUDGED as follows:

(1) That the Motion of Defendants, Guy B. Bailey, Sr., Guy B. Bailey, Jr., Areca Stone Bailey, Charlotte Babcock, and Land & Leisure, Inc., to Dismiss Pendent State Claims be, and the same is hereby GRANTED. The Pendent state claims against the above named defendants are hereby DISMISSED without prejudice to file the same in state court.

(2) That the Motion to Dismiss the Complaint and the Amendments thereto and Motion to Strike of the Defendant, Raymond, James & Associates, Inc. is GRANTED to the extent of plaintiff's claims under Section 17(a) of the Federal Securities Act of 1933 and is otherwise DENIED.

(3) That the Motion for Dismissal of the Complaint or, in the Alternative, for Security for Costs and Attorney's Fees of Defendant, Arthur Young & Company is GRANTED to the extent of plaintiff's claims under Section 17(a) of the Federal Securities Act of 1933 and is otherwise DENIED.

(4) That all defendants should file their respective Answers within twenty (20) days.