**Ellen Judith FINN, Plaintiff,**

v.

**Thomas I. DAVIS, Jr. and Prudential-Bache Securities, Inc., Defendants.**

**No. 84–8414–Civ.–GONZALEZ.**

United States District Court,
S.D. Florida.

Feb. 19, 1985.

John P. Stetson, West Palm Beach, Fla., for plaintiff.

David M. Goldstein, North Miami, Fla., for Davis.

Kathy M. Klock, Miami, Fla., for Prud-Bache.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon the Motion to Dismiss Non-Federal Claims, Alternative Motion to Compel Arbitration and Motion to Dismiss, Motion to Strike filed on behalf of the defendants. For reasons set forth below, the Motion to Dismiss Non-Federal Claims shall be granted. The Motion to Dismiss shall be granted in part and denied in part.

## FACTS

In January of 1983, the plaintiff opened an open account with the defendants. She recently had received a $100,800.00 property settlement and desired income producing investments. As the plaintiff had little experience in the stock market, her former spouse informed the defendant DAVIS that

such investments should be, *inter alia,* in stocks focused on dividend return and that there should be minimum trading with no margin trading or speculative purchases such as warrants, options, futures or puts and calls. Exhibit A, Complaint.

In August of 1983, the plaintiff discovered that her account had decreased substantially in value. Thereafter, she commenced litigation in an attempt to recoup her losses.

The plaintiff, however, did not turn initially to the federal forum. On May 15, 1984, she filed a nine-count complaint in the Circuit Court of the Fifteenth Judicial Circuit In and For Palm Beach County, Florida. *Finn v. Davis,* 602 F.Supp. 801 (1985). The plaintiff alleged various state security law and RICO violations and civil theft as well as common law claims for breach of contract, negligence, fiduciary duty and fraud. In response to the complaint, on June 20, 1984, the defendants filed Motions to Dismiss, Motions to Strike and Motions to Compel Arbitration.

Prior to the state court hearing on the above motions, the plaintiff filed her 13 count complaint with this Court. This complaint alleges various violations of the Securities and Exchange Act of 1934, 15 U.S.C.A. §§ 78a *et seq.* and violations of the federal RICO act, 18 U.S.C., §§ 1961 *et seq.* The plaintiff also asserts state statutory and common law claims that are identical to those now pending in the state forum.

On September 6, 1984, the state court granted the defendants' Motion to Compel Arbitration.

## MOTION TO DISMISS
## NON–FEDERAL CLAIMS

The Court again notes that the plaintiff now has pending two lawsuits that seek to recoup her monetary losses: the suit filed initially with the state court and this subsequent litigation. Both actions involve identical parties and similar facts. In fact, seven of the thirteen counts now before this Court are taken verbatim from the state-court complaint:

1. Count I alleging breach of contract (Count I, state complaint);

2. Count VII alleging fraudulent transactions in violation of Fla.Stat. § 517.-301 (Count II, state complaint);

3. Count VII alleging common law breach of fiduciary duty (Count IV, state complaint);

4. Count VII alleging negligence by the defendant BACHE (Count IV [sic], state complaint);

5. Count IX seeking punitive damages for common law fraud (Count VI, state complaint);

6. Count X alleging civil theft in violation of Fla.Stat. § 812.014, .035 (Count VIII, state complaint);

7. Count XII asserting violations of Florida's RICO statute, Fla.Stat. § 895.01 (Count IX, state complaint).

Further, although not presented to the state court, Count XIII merely asserts a cause of action for the common law tort of intentional infliction of emotional distress.

The defendants maintain that this Court should refuse to exercise its pendent jurisdiction over the above non-federal claims. They therefore urge the dismissal of Counts I, VI, VII, VIII, IX, X, XII and XIII.

This Court agrees.

It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present, the federal courts should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them.... Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties by procuring for them a sure-footed reading of applicable law.... [I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedies sought, the state claims may be dis-

missed without prejudice and left for resolution to state tribunals.... Finally, there may be reasons independent of jurisdictional considerations, such as the likelihood of jury confusion in treating divergent legal theories of relief, that would justify separating state and federal claims for trial.... If so, jurisdiction should ordinarily be refused.

*United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726–727, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). See, *Weissinger v. White,* 733 F.2d 802 (11th Cir. 1984); *Williams v. Bennett,* 689 F.2d 1370 (11th Cir.1982), *cert. denied,* — U.S. —, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983). Thus, while this Court may have the power to exercise its pendent jurisdiction, this power is discretionary.

■ The plaintiff filed two lawsuits, one with the state court and one with this Court. She initially selected the state forum as her avenue for remedying the alleged wrongs caused by these defendants. Further, the state claims, both statutory and common law, dominate the instant complaint. Continued litigation of these claims in the federal forum would be duplicative and would do nothing to promote comity, judicial economy, justice between these parties, or fairness to others involved therein. Additionally, in *Stowell v. Ted S. Finkel Investment Service, Inc.,* 489 F.Supp. 1209 (S.D.Fla.1980), *aff'd.,* 641 F.2d 323 (11th Cir.1981), the court found that joining federal security law claims with common law fraud created the likelihood of jury confusion. Such jury confusion also is inherent in this case. Also, such claims seek to "maximize the possible recovery for the plaintiffs", *id* at 1215, and specifically to recoup punitive damages that are unavailable under applicable state law. For those reasons, the court refused to exercise its pendent jurisdiction. Accord, *Summer v. Land and Leisure, Inc.,* 571 F.Supp. 380 (S.D.Fla.1983).

Finally, the Court marks the fact that the plaintiff will not be prejudiced by this Court's refusal to exercise jurisdiction over the pendent state claims. These pendent claims are now pending before the state tribunal. Thus, neither the statute of limitations nor the doctrines of collateral estoppel and *res judicata* are applicable bars to the plaintiff's potential remedies.

Accordingly, the pendent state claims shall be dismissed.

### MOTION TO DISMISS

The remaining counts assert violations of the Securities and Exchange Act of 1934 (the Act), *supra,* and the federal RICO statute, *supra.* Specifically, the plaintiff maintains that the defendants' misrepresentations and omissions of material facts, purchases of unsuitable stocks, churning activities and unauthorized trades violated section 10(b) and Rule 10b(5) of the Act. Further, BACHE's failure to supervise violated sections 20(a) and (b) of the Act. Owing to the alleged violations of the Act, the defendants assertedly violated federal RICO law.

The defendants argue that the above claims are not pled with the requisite specificity to satisfy Rule 9(b) of the Federal Rules of Civil Procedure.

This Court agrees that the churning claim fails to satisfy Rule 9(b); the remaining claims, however, are stated with the requisite specificity.

Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistakes shall be stated with particularity." The purpose of this Rule is to discourage frivolous litigations without resulting in substantial unfairness to either party. *Summer v. Land and Leisure, Inc., supra.*

To promote the purpose of Rule 9(b), this Court looks to the background of the parties and their access to information. The plaintiff is unsophisticated in financial matters and had no prior experience in the stockmarket. The defendant, BACHE, is a nationally known registered broker-dealer and a member of the National Association of Securities Dealers, Inc. and the New York Stock Exchange. The defendant, DAVIS, is a registered representative of

BACHE and registered with the National Association of Securities Dealers, Inc. and the Florida Division of Securities.

A review of the facts presented reveal that although the plaintiff did not allege precise dates and times, the allegedly fraudulent acts occurred within an eight-month period. She has alleged that the defendants knew that material statements were false and that omissions were intended to induce and did induce here reliance thereon. Further, such acts were done intentionally and with scienter. The plaintiff also alleges that BACHE is the employer of DAVIS who acted, at all times, within the scope of his authority or with apparent authority. Complaint, ¶¶ 7–9. Additionally, the complaint sets forth specific allegations of fraudulent statements, misrepresentations and omissions. Complaint, ¶¶ 20(a)–(f), 22(a)–(f), as well as specific unauthorized transactions. Complaint, ¶ 19. See, *Eaton v. Coal Par of West Virginia, Inc.*, 580 F.Supp. 572 (S.D.Fla.1984); *Summer v. Land and Leisure, Inc., supra.*

■ The Court finds that the allegations contained within the complaint's statement of facts, considering the plaintiff's limited access to information, satisfy Rule 9(b). Thus, Counts II, IV and V alleging respectively fraud, misrepresentation and omissions, unauthorized trades and failure to supervise are pled with the requisite specificity, state causes of action for violations of the Act and are sufficient to withstand this Motion to Dismiss.

■ Count III, however, is woefully inadequate to state a cause of action for churning violations under section 10(b) and Rule 10b(5). The plaintiff incorporates all preceeding paragraphs of the complaint and then states merely that the defendants controlled her account and "traded excessively in the account in disregard of Plaintiff's needs and to generate commissions

and interest for themselves." Complaint, ¶ 35.[1] She "neither sets forth the specific securities and transactions involved in [her] case (including the nature and amount of the purchases and sales), nor states the amount of commissions generated by these transactions." *Viscomi v. Paine, Webber, Jackson and Curtis, Inc.*, 596 F.Supp. 1537, 1539 (S.D.Fla.1984). See, *Vetter v. Shearson Hayden Stone, Inc.*, 481 F.Supp. 64 (S.D.N.Y.1979). Compare, *In re Catanella and E.F. Hutton and Co., Inc.*, 583 F.Supp. 1388 (E.D.Pa.1984).

Thus, Count III shall be dismissed.

Finally, the defendants argue that the federal RICO count must be dismissed and the plaintiff fails to allege a link with organized crime, racketeering activity or a distinct racketeering enterprise injury.

■ This Court, however, is not persuaded by decisions maintaining that the intent of RICO was to reach only those activities tied to organized crime. See, *Sedima v. Imrex Co.*, 741 F.2d 482 (2nd Cir.1984), *petition for cert. filed,* — U.S. —, 105 S.Ct. 901, 83 L.Ed.2d 917 (1985); *Bankers Trust v. Rhoades*, 741 F.2d 511 (2nd Cir.1984); *Divco Construction and Realty Corp. v. Merrill Lynch Pierce Fenner and Smith, Inc.*, 575 F.Supp. 712 (S.D. Fla.1983). Further, the Eleventh Circuit consistently has rejected such requirements. *United States v. Gottesman*, 724 F.2d 1517 (11th Cir.1984); *United States v. Uni Oil, Inc.*, 646 F.2d 946 (5th Cir.1981), *cert. denied sub nom, Crude Co. v. United States*, 455 U.S. 908, 102 S.Ct. 1254, 71 L.Ed.2d 446 (1982); *United States v. Martino*, 648 F.2d 367 (5th Cir.1981), *cert. denied*, 456 U.S. 949, 102 S.Ct. 2020, 72 L.Ed.2d 474 (1982).[2]

Additionally, the Court finds that the complaint sets forth the requisite inferences of racketeering activity involving fraud in the sale of securities. Further, the com-

---

1. The Court notes that the plaintiff attached to the complaint various account statements. It is not the function of this Court, however, to cull through these financial statements in order to determine whether they reveal sufficient facts to support a claim of churning activity.

2. In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1982) (en banc), the Eleventh Circuit adopted as precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

plaint's asserted RICO injury is sufficient. See, *Morosani v. First National Bank of Atlanta,* 703 F.2d.1220 (11th Cir.1983).

## CONCLUSION

The Court has reviewed carefully the matters presented and the applicable law. Accordingly, it is hereby

ORDERED AND ADJUDGED as follows:

1. The Motion to Dismiss Non-federal Claims be and the same is GRANTED. Counts I, VI, VII, VIII, IX, X, XI and XIII are DISMISSED without prejudice to pursue available state remedies;

2. The Motion to Dismiss the remaining Counts is DENIED as to Counts II, IV, V and XII and GRANTED as to Count III. Count III is DISMISSED without prejudice to file an amended claims within 20 days of the date of this Order;

3. The Motion to Strike is DENIED as moot.