Ragnar **OLSEN**, Plaintiff,

v.

**PAINE WEBBER, JACKSON & CURTIS, INC. and Dean Martens,** Defendants.

**No. 84–864–Civ–T–15.**

United States District Court, M.D. Florida, Tampa Division.

June 3, 1985.

William W. Chastain, Trapp & Chastain, Tampa, Fla., for plaintiff.

Edward W. Gerecke, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, Fla., for defendants.

## ORDER

CASTAGNA, District Judge.

The Court has before it the status of the above-styled case. Both Defendants have filed identical Motions to Dismiss. The Plaintiff has responded, and the Motions are now ripe for determination.

■ The Defendants first argue that this case should be dismissed due to the pendency of a similar state case, which is substantially identical to the instant case save for an absence of federal securities claims. Faced with this issue, the Ninth Circuit has determined that due to the exclusive jurisdiction of federal courts over Rule 10b–5 claims, it was an abuse of discretion to stay federal proceedings containing such a claim pending the outcome of parallel state proceedings. *Silberkleit v. Kantrowitz*, 713 F.2d 433, 436 (9th Cir.1983). Inasmuch as this case also contains a Rule 10b–5 claim, dismissal would be inappropriate.

■ The Defendants next urge that the state claims are really paramount here, and that it would be "inappropriate" to adjudicate the federal and pendent claims together due to potential jury confusion, variances in the burdens of proof, and differing remedies. While *Stowell v. Ted S. Finkel Inc. Serv.*, 489 F.Supp. 1209 (S.D.Fla.1980), *aff'd on other grounds*, 641 F.2d 323 (5th Cir.1981), does support such reasoning, that position is clearly in the minority among Florida federal district courts. This Court perceives no undue complexity, nor any other reason, to preclude the exercise of pendent jurisdiction here.

■ As to Count VI, brought under section 15(c)(1) of the 1934 Act, the Defendants' authority does in fact hold that no private action rests under that provision. *See, e.g., Admiralty Fund v. Hugh Johnson & Co.*, 677 F.2d 1301, 1313–14 (9th Cir.1982); *Pierson v. Dean, Witter, Reynolds, Inc.*, 551 F.Supp. 497, 502–503 (C.D. Ill.1982). The Plaintiff has not responded to this argument at all. Therefore, on the strength of the Defendants' authority, Count VI will be dismissed.

■ Finally, the Court notes that the Defendant urges that the Plaintiff's churning claim does not state a claim due to the Complaint's failure to plead with sufficient particularity as required by Fed.R.Civ.P. 9(b). This Court agrees that more particularity than has been plead here is required to put the Defendants on adequate notice of the "churning" they have been accused of undertaking. Although this Court might well view the pleading requirements in a churning case with a less demanding eye than Judge Gonzalez of the Southern District, his recitation of those requirements as set forth in *Viscomi v. Paine, Webber, Jackson & Curtis, Inc.*, 596 F.Supp. 1537, 1984 CCH Fed.Sec.L.Rep. ¶ 91,846, at 90,230 (S.D.Fla.1984), will provide helpful guidance to Plaintiff as to what this Court will look for in the Amended Complaint. The Court would only add that the Plaintiff contends that his Complaint was patterned after the pleadings in *Arceneaux v. Merrill Lynch*, Case No. 83–241 Civ–T–15 (M.D.Fla.1983) and *Starkenstein v. Merrill Lynch*, Case No. 81–298 Orl (M.D.Fla.1982), which were "upheld as asserting sufficient causes of action." While this Court is not familiar with *Starkenstein*, that statement is not accurate as to *Arceneaux*. In that case, the pleadings were not challenged by a motion to dismiss or otherwise, and therefore nothing in that case stands as an impediment to this decision. Having found both the federal claims under Rule 10b–5 and Section 15(c)(1) deficient, the entire Complaint must be dis-

missed. *See Viscomi, supra,* 1537, 1984 CCH Fed.Sec.L.Rep. ¶ 91,846 at 90,230.

Based upon the foregoing, it is accordingly

ORDERED:

1. The Defendants' respective Motions to Dismiss are granted. Count VI is dismissed with prejudice. The remainder of the Complaint is dismissed without prejudice, and the Plaintiff has until June 17, 1985 to file an amended complaint, failing which the remainder of the Complaint will stand dismissed.

2. The Defendants' respective Motions to Strike are denied, the Court having found the punitive damages allegations sufficient at this stage of the litigation.