**Joseph M. LINSEY, Plaintiff,**

v.

**E.F. HUTTON & CO., INC., a Delaware corporation, and Curt D. Mosow, Defendants.**

No. 87–0743–Civ.

United States District Court, S.D. Florida.

Jan. 30, 1989.

---

**8.** See footnote 3, *supra*.

Jerald C. Cantor, Engelberg, Cantor & Leone, P.A., Hollywood, Fla., for plaintiff Joseph M. Linsey.

Alan M. Greenspan, Edward A. Kaufman, P.A., Miami, Fla., for defendant E.F. Hutton & Co., Inc.

Bruce W. Greer and Amy D. Ronner, Greer, Homer & Bonner, P.A., Miami, Fla., for defendant Curt D. Kosow.

MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS COUNTS II AND III

HASTINGS, District Judge.

THIS MATTER came to be heard upon Defendants', Curt D. Mosow and E.F. Hutton & Co., Inc. (hereinafter collectively "Defendants") Motions to Dismiss Counts II and III, based upon Plaintiff's, Joseph M. Linsey (hereinafter "Linsey") failure to file an amended Federal RICO claim. After careful consideration of the motions and a thorough review of the case law cited by defense counsel, this Court hereby DENIES the motions to dismiss for the reasons set forth below.

## I. *POSTURE OF THE CASE*

On April 16, 1987, Linsey commenced this action against Defendants. The initial complaint was insufficient to withstand a motion to dismiss and on August 24, 1987, this Court granted Linsey's request to file an amended complaint.

The amended complaint asserted two state law claims: common law fraud (Count II) and breach of fiduciary duty (Count III); and two federal claims: violation of Section 10(b) of the Securities and Exchange Act and Rule 10b–5 (Count I); and an action pursuant to Section 1962(a) of the Federal RICO Act (Count IV). Both Defendants filed motions to dismiss the Amended Complaint and to strike claims for punitive damages and attorneys' fees.

On June 6, 1988, this Court issued an Order which struck Linsey's requests for attorneys' fees, deemed punitive relief to be unavailable for violation of Rule 10b–5, and dismissed Count IV, the Federal RICO claim. The Court, however, permitted Linsey to file an amended RICO count. In addition, this Court deferred ruling on the question of pendent jurisdiction until after Linsey decided whether to file a third complaint with an amended RICO claim.

Plaintiff eventually determined not to pursue the RICO action. Consequently, the only federal claim before this Court is Count I, Linsey's 10b–5 action. Defendants argue that Florida courts generally refuse to entertain state law claims coupled with federal 10b–5 actions and that therefore, Counts II and III should be dismissed without prejudice to Plaintiff to seek relief in state court.

## II. *DISCUSSION OF LAW*

The power of pendent jurisdiction over state claims is discretionary with the Court and need not be exercised in every case in which state claims are coupled with federal claims. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). In *Gibbs*, the Supreme Court defined the guidelines for the exercise of the power of pendent jurisdiction:

> [I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.... Finally, there may be reasons independent of jurisdictional considerations, such as the likelihood of jury confusion in treating divergent legal theories of relief, that would justify separating state and federal claims for trial, Fed.R.Civ.P. 42(b). If so, jurisdiction should ordinarily be refused.

*Gibbs*, 383 U.S. at 726–27, 86 S.Ct. at 1139.

Here, Defendants argue that the state claims constitute the true body of the case and there exists a substantial risk of jury confusion. Thus, Defendants contend that this Court should refuse to adjudicate the pendent state claims. This argument finds support in certain reported decisions from this district. In the seminal case, *Stowell v. Ted S. Finkel Investment Services*, 489 F.Supp. 1209, 1217 (S.D.Fla.1980), the court applied the *Gibbs* factors to a similar situation and determined that federal courts should refuse to exercise jurisdiction over Florida common law claims appended to causes of action predicated upon Rule 10b–5. The Court reasoned that the likelihood of jury confusion is great because of the different standards which must be proved in Florida common law fraud actions and Rule 10b–5 claims.

> The federal 10b–5 claim requires that the defendant have scienter. Scienter was defined in *Ernst v. Hochfelder*, 425 U.S. 185, 194 n. 12 [96 S.Ct. 1375, 1381 n. 12, 47 L.Ed.2d 668] (1976), as a mental state embracing an intent to deceive, manipulate, or defraud. In direct contrast, a Florida common law fraud claim is actionable if the defendant makes a statement without knowledge of its truth or falsity or even if the statement was made under circumstances where the defendant should have known the truth or falsity of a statement. Fraud is actionable under Florida for mere negligence.

*Stowell*, 489 F.Supp. at 1216–17.

Similarly, as this Court recognized in its Order of June 6, 1988, punitive damages are not recoverable for rule 10b–5 violations. They are, however, available in Florida for common law fraud and breach of fiduciary duty. In *Stowell*, the court believed that this factor would also add to jury confusion. In conclusion, *Stowell* held that coupling state common law claims with the federal 10b–5 claims confronts a jury with "divergent legal theories of relief," creating jury confusion which would be extremely prejudicial and could not be overcome by instructions. *Stowell*, 489 F.Supp. at 1217.

Certainly, some federal courts in this district have followed *Stowell's* invitation and declined to exercise pendent jurisdiction over Florida common law claims included in federal 10b–5 actions. *Stowell*, 489 F.Supp. at 1219 ("This Court encourages other District Courts to decline the exercise of pendent jurisdiction over Florida common law claims included in federal 10b–5 actions"). *Finn v. Davis*, 602 F.Supp. 801, 804 (S.D.Fla.1985); *Viscomi v. Paine, Webber, Jackson & Curtis, Inc.*, 596 F.Supp. 1537, 1540 (S.D.Fla.1984); and *Summer v. Land & Leisure, Inc.*, 571 F.Supp. 380, 383 (S.D.Fla.1983). However, this Court is not convinced by the reasoning of *Stowell* and its limited progeny. For almost ten years as a federal district court judge, and several years as a state court trial judge, it has never ceased to amaze this Court at the common sense and understanding of the lay jury. It is a wisdom which should not be dismissed lightly and one which finds stirring precedent in our legal history. Since the time when the right to trial by jury was secured by the group of citizens who refused to convict William Penn despite open and egregious coercion by the court, until today, not only is the right to trial by jury sacrosanct, but so is the deference to a jury's ability to sift through the issues of fact and law.

> Twelve men of the average of the community, comprising men of education and men of little education, men of learning and men whose learning consists only in what they have themselves seen and heard, the merchant, the mechanic, the farmer, the laborer; these sit together, consult, apply their separate experience of the affairs of life to the facts proven, and draw a unanimous conclusion. This average judgment thus given it is the great effort of the law to obtain. It is assumed that twelve men know more of the common affairs of life than does one man; that they can draw wiser and safer conclusions from admitted facts thus occurring than can a single judge.

*Sioux City & P. Ry. Co. v. Stout*, 84 U.S. 657, 664, 21 L.Ed. 745 (1874).

This Court is not alone in rejecting the *Stowell* precedent. As the court in *Olsen*

*v. Paine, Webber, Jackson & Curtis, Inc.,* 623 F.Supp. 17, 19 (M.D.Fla.1985), stated, *Stowell* "is clearly in the minority among Florida federal district courts. This Court perceives no undue complexity, nor any other reason, to preclude the exercise of pendent jurisdiction here." So too, to relegate the common law claims to state court would unnecessarily split this case in half requiring Linsey to proceed forward in two forums, or abandon either his federal or state claims. This result the Court cannot condone.

As in *Olsen,* this Court does not perceive the legal issues involved in weighing state common law claims and a 10b–5 action as extraordinarily complex or confusing. Defendants' motions to dismiss the pendent state law claims must be and are DENIED. Defendants shall have ten (10) days from receipt of this Order to answer the Complaint.

DONE AND ORDERED.