**Adelino ABRANTES, Plaintiff,**

**v.**

**ST. GOTTHARD SCHIFFAHRTS, A.G. and Suisse Outremer Reederei, A.G., Defendants.**

**No. 84 Civ. 8490 (PKL).**

United States District Court, S.D. New York.

May 21, 1985.

Zimmerman & Zimmerman (Thomas J. Doyle, of counsel), New York City, for plaintiff.

Evans, Koelzer, Osborne & Kreizman (Thomas R. Denniston, of counsel), New York City, for defendants.

### ORDER

LEISURE, District Judge:

Plaintiff Adelino Abrantes, a citizen of New Jersey, brought this personal injury action in New York state court against St. Gotthard Schiffahrts, A.G., a West German corporation, and Suisse Outremer Reederei, A.G., a Swiss corporation. Neither is authorized to do business in New York. Defendants removed the action to this Court on November 26, 1984. Plaintiffs have moved to remand the case to Supreme Court, New York County or to continue adjudication in the Southern District of New York rather than in the District of New Jersey; defendants have cross-moved to dismiss the action for lack of personal jurisdiction or in the alternative to transfer venue to the District of New Jersey.

According to the Second Circuit,

It is basic that the burden of proving jurisdiction is upon the party who asserts it and that he must show by the complaint and supporting affidavits the essential requirements of the jurisdictional statute.

*Lehigh Valley Indus., Inc. v. Birenbaum,* 527 F.2d 87, 92 (2d Cir.1975) (citations omitted). *Accord Mayer v. Josiah Wedgwood & Sons, Ltd.,* 601 F.Supp. 1523, 1528 (S.D. N.Y.1985).

■ The incident in question in this case occurred on defendants' ship while it was docked at Port Newark, New Jersey. Thus, since the suit does not arise from an event within New York, jurisdiction over the defendants cannot be predicated on CPLR § 302. Plaintiff appears to rely on CPLR § 301 as the basis for jurisdiction over defendants. He alleges, however, no continuous substantial business carried on in New York by defendants, either by themselves or through agents, which would suffice to establish jurisdiction under § 301. *See Laufer v. Ostrow,* 55 N.Y.2d 305, 449 N.Y.S.2d 456, 434 N.E.2d 692 (1982); *Tauza v. Susquehanna Coal Co.,* 220 N.Y. 259, 115 N.E. 915 (1917). All he alleges (in his memorandum of law rather than in an affidavit) is that "defendants sent their ships regularly to the Port of New York, which includes subsidiary ports in the adjoining State of New Jersey." (Pl. Mem. at 3). Defendants, on the other hand, have submitted allegations that their ships use *only* New Jersey ports and have never berthed in New York (Aguirre afft. ¶¶ 8, 9). Plaintiff has failed to make the necessary *prima facie* showing that defendants are subject to in personam jurisdiction in New York.* *See Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 57–58 (2d Cir.1985).

■ If the state court in which the action was originally filed was without in personam jurisdiction, then the federal court to which the case is removed is without jurisdiction as well. *See Arizona v.*

---

* Moreover, plaintiff has failed to show adequate service of process. He has not come forward with any showing at all that Ecuadorian Lines, Inc., on whom process was served, was an agent of defendants for purposes of receipt of service of process (which defendants deny).

*Manypenny*, 451 U.S. 232, 242 n. 17, 101 S.Ct. 1657, 1665 n. 17, 68 L.Ed.2d 58 (1981) ("it is well settled that if the state court lacks jurisdiction over the subject matter *or the parties*, the federal court acquires none upon removal") (emphasis added); *Friedr. Zoellner (New York) Corp. v. Tex Metals Corp.*, 396 F.2d 300, 301 (2d Cir. 1968).

Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction is hereby granted.

SO ORDERED.