**Edward R. SCHARP, individually and as representative of a class of similarly situated persons, Plaintiff,**

v.

**CRALIN & CO., INC., Defendant.**

**No. 85-631-CIV-KING.**

United States District Court,
S.D. Florida.

Aug. 16, 1985.

---

**13.** Docket Item 17 at pages 4 and 5.

Patricia E. Coward, Ruden, Barnett, McClosky, Schuster & Russell, P.A., Miami, Fla., for plaintiff.

Jonathan B. Reisman, Reisman & Bryn, Miami, Fla., for defendant.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNT II, ALTHOUGH DENYING MOTION TO DISMISS COUNTS I & III, OF PLAINTIFF'S AMENDED COMPLAINT; ORDER DENYING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND THEREFORE DIRECTING IT TO ANSWER WITHIN 20 DAYS

JAMES LAWRENCE KING, Chief Judge.

THIS CAUSE arises before the Court upon the defendant's (1) motion to dismiss plaintiff's amended complaint (hereinafter complaint) pursuant to Rule 12(b)(6), Fed.R. Civ.P.; and (2) renewed motion to compel arbitration of plaintiff's federal securities claims. Since the Court has jurisdiction pursuant to 15 U.S.C. §§ 77v & 78aa, the subject motions shall be considered respectively.

Plaintiff alleges the following securities violations in his complaint:

Count I § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b),

and Rule 10b–5 thereunder, 17 C.F.R. § 240.10b–5, (hereinafter § 10(b) & Rule 10b–5);

Count II § 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), (hereinafter § 17(a) ); and

Count III § 12(2) of the Securities Act of 1933, 15 U.S.C. § 77l (2), (hereinafter § 12(2) ).

The circumstances leading up to the alleged federal securities violations, as set forth in plaintiff's complaint, may be summarized as follows:

In August of 1984, David Sharps, acting within the scope of his employment as registered representative of defendant, contacted plaintiff and advised him that if he would purchase shares of common stock of Family Health Systems, Inc., (hereinafter shares) from or through defendant, it would agree to repurchase the shares at any time for the same consideration paid by plaintiff. In reliance thereon, plaintiff purchased shares and has since demanded defendant to honor its commitment and repurchase its shares, to which the defendant has refused.

■ Defendant argues in support of its motion to dismiss that plaintiff's complaint should be dismissed under Rule 12(b)(6) since (1) the § 10(b), Rule 10b–5, and § 12(2) allegations fail to meet the condition precedent under Rule 9(b), Fed.R. Civ.P.; and (2) an intermediary broker, such as the defendant, cannot be liable under § 12(2) since (a) it only applies to an offeror-seller and (b) no privity exists between the parties as purchaser and seller; and (3) § 17(a) fails to provide a private cause of action. As for defendant's first argument, the issue is whether the plaintiff properly alleged with particularity the circumstances constituting the alleged fraud. After reviewing Counts I and III, the Court finds that Rule 9(b) has been satisfied. *Summer v. Land & Leisure, Inc.,* 571 F.Supp. 380 (S.D.Fla.1983).

■ In addressing defendant's second argument, the Court must first determine whether it is deemed a seller under § 12(2). In deciding this issue, the defendant must

(1) be in privity with the plaintiff/purchaser or (2) participate in the buy-sell transaction to the extent that its conduct is a substantial factor in causing the transaction to take place. *Pharo v. Smith,* 621 F.2d 656, 667 (5th Cir.1980); *Junker v. Crory,* 650 F.2d 1349, 1360 (5th Cir.1981). Plaintiff argues that dismissal would be premature at this stage of the proceedings since discovery will affirmatively show that the defendant was the "motivating force" in the sale of the shares. At this stage of the discovery process, the Court cannot say that the defendant is, or is not, deemed a seller under § 12(2). Therefore, defendant's motion to dismiss Count II is likewise denied.

As for defendant's third argument that no private cause of action exists under § 17(a), the central issue is whether Congress intended to create a private cause of action under § 17(a). *See,* e.g., *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) (four-part test enunciated to determine when private right of action should be implied by the courts); although, the Supreme Court later holds that the four factors under *Ash* are not entitled to equal weight since central inquiry is whether Congress intended to create a private cause of action, *Touch Ross & Co. v. Redington,* 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979); *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran,* 456 U.S. 353, 102 S.Ct. 1825, 72 L.Ed.2d 182 (1982). It appears that the issue has not been decided by this Circuit, *Delta Coal Program v. Libman,* 743 F.2d 852, 854 (11th Cir.1984), although this district has found that no private right of action exists under § 17(a). *See Ferguson v. Chromalloy American Corp.,* Fed.Sec.L.Rep. ¶ 92.015 (CCH) (S.D.Fla. April 8, 1985); *Fallani v. American Water Corporation,* 574 F.Supp. 81 (S.D.Fla.1983); *Summer, supra accord, Sheftelman v. Jones,* 605 F.Supp. 549 (N.D.Ga.1984); *Landry v. All American Assurance Company,* 688 F.2d 381 (5th Cir.1982) (after an extensive analysis of the issue, the court of appeals held that no private right of action existed under § 17(a)); *Shull v. Dain, Kalman & Quail,* 561 F.2d 152 (8th Cir.1977); *contra, Newman v. Prior,* 518 F.2d 97, 99 (4th Cir. 1975); *Kirshner v. United States,* 603 F.2d 234, 241 (2nd Cir.1978) (*but see Yoder v. Orthomolecular Nutrition Institute, Inc.,* 751 F.2d 555, 559 n. 3 (2nd Cir.1985) (the court's finding an implied right of action under § 17(a) may be open to reexamination in light of recent Supreme Court decisions discussing implied rights of action) ); *Stephenson v. Calpine Conifer II,* 652 F.2d 808, 815 (9th Cir.1981); *cf, Peoria Union Stock Yards Co. v. Penn Mutual Life Insurance Co.,* 698 F.2d 320, 323 (7th Cir.1983) ("[w]hether section 17(a) can be enforced by private damage suit is an open question in this circuit ... but it is not a terribly important question" since the relief under § 17(a) is also available under § 10(b) ); *Ohio v. Peterson,* 651 F.2d 687, 689 n. 1 (10th Cir.1981) (observed that there was "considerable doubt" as to whether there exists an implied right of action under § 17(a) ); the Supreme Court has refused to resolve the issue, *Herman & MacLean v. Huddleston,* 459 U.S. 375, 378 n. 2, 103 S.Ct. 683, 685 n. 2, 74 L.Ed.2d 548 (1983); *Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss,* August 2, 1985, at 3 n. 1 (other decisions finding a private right of action under § 17(a) ).

■ Upon this Court's review of the excellent briefs submitted by the parties, the case law cited in support of their respective positions and after tracing the legislative history of § 17(a), the Court finds that Congress did not intend to create an implied private right of action under § 17(a) of the Securities Act of 1933; consequently, we expressly adopt the well reasoned Fifth Circuit opinion in *Landry, supra. See also In Re Diasonics Securities Litigation,* 599 F.Supp. 447 (N.D.Cal.1984) (addressing the anomaly between § 10(b) and § 17(a)(2) & (3) in that the former requires scienter and the latter does not).

■ As for defendant's motion to compel arbitration, it argues that Counts I and II are subject to arbitration under the customer agreement (hereinafter agreement), Federal Arbitration Act (hereinafter FAA), 9 U.S.C. § 2, although concedes that Count III is nonarbitrable in light of *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953). Since Counts II and III are no longer in issue, the Court will address the arbitrability of Count I. In addressing the arbitrability of plaintiff's § 10(b) and Rule 10b–5 claim, the issue is whether the recent U.S. Supreme Court case of *Dean Witter Reynolds Inc. v. Byrd,* —— U.S. ——, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985), notwithstanding *Belke v. Merrill Lynch, Pierce, Fenner & Smith Inc.,* 693 F.2d 1023 (11th Cir.1982), and *Sibley v. Tandy Corporation,* 543 F.2d 540 (5th Cir.1976) (wherein the Eleventh and former Fifth Circuit held § 10(b) and Rule 10b–5 claims to be nonarbitrable under the FAA), compels this Court to rule contrary to *Belke* and *Sibley.* At the outset, the Court finds that defendant's motion to compel arbitration must be denied on two counts: (1) *Byrd* being but *dicta, Belke* and *Sibley* are yet controlling; and (2) pursuant to the parties agreement, plaintiff reserved the right to proceed in the federal forum.

After tracing the procedural history of the nonarbitrability of § 10(b) and Rule 10b–5 claims, and the doubts cast on the soundness of *Belke* and *Sibley* in light of *Byrd* and other post-*Byrd* district court decisions, *see Roberts v. Lehman Brothers Kuhn Loeb Inc.,* Case No. 84–1421–Civ-King (S.D.Fla. July 15, 1985) (notwithstanding post-*Byrd* district court decisions finding § 10(b) & Rule 10b–5 claims arbitrable, motion for stay pending appeal from order denying motion to compel arbitration was denied), the defendant argues that (1) § 10(b) & Rule 10b–5 are subject to arbitration in light of *Byrd* and post-*Byrd* decisions; and (2) pursuant to the arbitration clause of the agreement, the plaintiff agreed to submit "any controversy" with the defendant to arbitration, notwithstanding the savings provision which allegedly

preserves plaintiff's right to proceed in this forum.

As for defendant's first argument, it concedes that if the Court was to find *Belke* and *Sibley* still controlling it would be compelled to deny its motion. For the reasons set forth in *Divco Construction and Realty Corporation, Inc. v. Merrill Lynch, Pierce, Fenner & Smith Inc.,* Case No. 83–1393–Civ-King (S.D.Fla. April 26, 1985) and later in *Roberts,* (S.D.Fla. June 22, 1985) (after an extensive analysis of *Byrd,* the FAA, and the case law concerning the FAA and the arbitrability of § 10(b) & Rule 10b–5, the Court found said claims to be nonarbitrable), *supra,* the Court finds *Belke* and *Sibley* still the law in this circuit "until overruled by the United States Supreme Court or the United States Court of Appeals for the Eleventh Circuit sitting *en banc. See,* e.g., *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc* )." *Roberts,* July 15, 1985, at 3, *supra.* As for defendant's second argument, the Court finds that plaintiff did not agree to submit "any controversy" to arbitration.

■ In May of 1984, the plaintiff entered into an agreement with the defendant which contained an arbitration clause. This clause provided that

> *any controversy* between us arising out of your business or this agreement shall be submitted to arbitration. . . . *This provision is not intended to waive any rights which the undersigned may have to elect to take legal action as to any matter or claim arising under the Federal Securities Laws.* (emphasis supplied).

In response to defendant's assertion that plaintiff waived his right to seek judicial recourse, plaintiff argues that under the last sentence of the arbitration clause, it clearly indicates that he did not waive his right to sue the defendant for claims arising under the federal securities laws. We agree. The conflict over the parties interpretation of the arbitration clause is precisely why the Securities Exchange Commission promulgated Rule 15c2–2, 17 C.F.R. § 240. 15c2–2, (hereinafter Rule

15c2–2), effective December 28, 1983, and announced that the

> adoption of [Rule 15c2–2] prohibits the use in broker-dealer customer agreements of provisions purporting to bind public customers to the arbitration of furture disputes arising under the federal securities laws. The Commission's rule codifies its longstanding view that such clauses are inconsistent with the deceptive practice prohibitions of section 10(b) (15 U.S.C. 78j(b)) and section 15(c) (15 U.S.C. 78o(c)) of the Securities Exchange Act of 1934. *Id.*

Rule 15c2–2 states that

> [i]t shall be a fraudulent, manipulative or deceptive act or practice for a broker or dealer to enter into an agreement with any public customer which purports to bind the customer to the arbitration of future disputes between them arising under the federal securities laws, or to have in effect such an agreement, pursuant to which it effects transactions with or for a customer. *Id.*

In summarizing Rule 15c2–2, the Securities Exchange Commission held that "[t]he rule also requires broker-dealers to disclose to existing public customers that they are not precluded by such [predispute arbitration] clauses from [seeking] judicial recourse with respect to those claims." *Id.* Consequently, the Court finds that pursuant to the express non-waiver provision as set forth under the arbitration clause the defendant shall be bound by its agreement and, therefore, plaintiff shall be allowed to pursue its § 10(b) and Rule 10b–5 claim in this forum.

Accordingly, and for the aforementioned reasons, it is

ORDERED and ADJUDGED as follows:

1. Defendant's motion to dismiss Count II of plaintiff's amended complaint is hereby GRANTED; Count II is hereby STRICKEN. As for Counts I & III, its motion to dismiss said counts is hereby DENIED.

2. Defendant's motion to compel arbitration is hereby DENIED. Therefore, the defendant has 20 days from the date of this order to answer plaintiff's amended complaint, Counts I & III.