Elaine MONCRIEFF, Plaintiff,

v.

MERRILL, LYNCH, PIERCE, FENNER & SMITH, INC., and Hugh Mack, Defendants.

Civ. No. 85–CV–73871–DT.

United States District Court, E.D. Michigan, S.D.

Dec. 10, 1985.

Douglas G. Graham, Jack J. Mazzara, Butzel, Keidan, Simon, Myers & Graham, Detroit, Mich., for defendants.

Abraham, Singer, Hertzberg, Jacob & Weingarten, P.C., Detroit, Mich., for plaintiff.

## MEMORANDUM OPINION AND ORDER

PHILIP PRATT, District Judge.

Plaintiff Elaine Moncrieff instituted this action against the defendant brokerage

firm for alleged violations of federal and state securities laws. Plaintiff opened a series of accounts with defendant in the early and mid-1970's. Each agreement contained a standard arbitration clause.[1]

> Any controversy between us [brokerage firm and customer] arising out of such option transactions or this agreement shall be settled by arbitration before the National Association of Securities Dealers, Incorporated, or the New York Stock Exchange, or an Exchange located in the United States upon which listed options transactions are executed, only. . . .

There is no dispute that plaintiff executed these agreements. Plaintiff suffered substantial losses from May of 1980 until January of 1981. Because of these losses, plaintiff instituted suit against her brokerage firm on August 23, 1985. The complaint alleges violations of sections 12(a) and 17 of the Securities Act of 1933, Sections 9(a)(4) and 10(b) of the Securities Exchange Act of 1934, Rule 10(b)–5, the Investment Advisors Act of 1940, the Michigan Uniform Securities Act, rules of the Chicago Board Options Exchange, the American Stock Exchange, the New York Stock Exchange and the·National Association of Securities Dealers. Allegations sounding in fraud, negligence, breach of fiduciary duty, breach of contract, and failure to supervise are also contained in the plaintiff's complaint.

This matter is now before the court on defendant's motion to compel arbitration of all of plaintiff's claims except those brought under the 1933 Securities Act. Defendant admits that claims made under the 1933 Act cannot be compelled to arbitration. The parties have submitted extensive briefs in this matter and they have been carefully reviewed by the court.[2]

Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3 permits a party to compel arbitration of any "issue referable to arbitration under an agreement in writing for such arbitration." An exception, however, has been established by the Supreme Court for certain federal claims. In *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), the Court held that an agreement to arbitrate issues which came within the 1933 Securities Act is invalid and unenforceable against an investor. Thus, the securities broker/dealer in *Wilko* was precluded from compelling the investor to submit the dispute to arbitration. As in the present case, the investor in *Wilko* alleged that defendant violated federal securities laws and corresponding state laws. *Wilko,* however, arose under only the 1933 Securities Act.

Going even further, several courts have applied *Wilko* to claims arising under the 1934 Exchange Act. *Surman v. Merrill, Lynch, Pierce, Fenner & Smith,* 733 F.2d 59 (8th Cir.1984) (*Wilko* applies to claims brought under 1934 Act and regulations promulgated thereunder), *Mansback v. Prescott, Ball & Turben,* 598 F.2d 1017 (6th Cir.1979) (holding of *Wilko* "equally applicable to cases arising under the Securities Exchange Act of 1934"). *See also Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Moore,* 590 F.2d 823, 827–29 (10th Cir.1978), *Weissbuch v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.,* 558 F.2d 831, 834–35 (7th Cir.1977), *Ayres v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.,* 538 F.2d 532, 536 (3d Cir.), *cert. denied,* 429 U.S. 1010, 97 S.Ct. 542, 50 L.Ed.2d 619 (1976).

Since these rulings, however, the U.S. Supreme Court has announced a strong preference for enforcement of arbitration agreements. In *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. ——, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985), the Supreme Court suggested, though did not decide, that *Wilko* did not apply to claims brought under

---

1. Plaintiff and her now deceased husband executed a basic customer agreement with defendant on July 15, 1975. Standard option agreements were executed on December 13, 1977 and July 1, 1979. The three agreements contain substantially the same arbitration clause.

2. Defendant's motion to compel arbitration was originally scheduled for oral argument on November 29, 1985. However, because of the thorough briefing of the issues involved,·the court cancelled the hearing.

the 1934 Act. Writing for the Court, Justice Marshall held that when a complaint raises both federal securities claims and pendent state claims, a federal court must compel arbitration "of otherwise arbitrable claims when a motion to compel arbitration is made." At ——, 105 S.Ct. at 1242.

Although the majority did not directly address the question of whether *Wilko* applies to section 10(b) and Rule 10(b)–5 claims,[3] the Court in a footnote admitted that it had earlier questioned "the applicability of *Wilko* to claims under the 1934 Act because of the differences under the 1933 and 1934 Acts." At ——, n. 1, 105 S.Ct. at 1240 n. 1.

Justice White's separate concurrence was more illuminating on this question. Under *Wilko*, Justice White wrote, the Court relied on three "interconnected statutory provisions of the 1933 Act." Those were:

> Section 14 of the Act, which voids any 'stipulation ... binding any person acquiring any security to waive compliance with any provision of the Act'; Section 12(2), which—creates a 'special right to recover for misrepresentation which differs substantially from the common-law action;' and section 22, which allows suit in any state or federal court of competent jurisdiction and provides for nationwide service of process.

At ——, 105 S.Ct. at 1244, citing 346 U.S. at 434–35, 74 S.Ct. at 186, 15 U.S.C. §§ 77n, 77l(2), 77v.

"*Wilko*'s reasoning," Justice White wrote, "cannot be mechanically transplanted to the 1934 Act." Two major distinctions between the Acts—the narrower grant of jurisdiction under the 1934 Act and nature (implied) of the cause of action under section 10(b) and Rule 10(b)–5— caused Justice White to intimate that *Wilko* was not applicable to such claims. He stated:

The Court has expressed these reservations before. *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 513–514 [94 S.Ct. 2449, 2454, 41 L.Ed.2d 270] (1974). I reiterate them to emphasize that the question remains open and the contrary holdings of the lower courts must be viewed with some doubt.

At ——, 105 S.Ct. at 1244.

As Justice White noted in his concurrence, the Supreme Court has previously questioned the proposition that claims under the 1934 Act are not arbitrable. In *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 513–14, 94 S.Ct. 2449, 2454, 41 L.Ed.2d 270 the Court said, "[A] colorable argument could be made that even the semantic reasoning of the *Wilko* opinion does not control" claims made under the 1934 Act.

Furthermore, the Supreme Court has repeatedly emphasized the strong national policy favoring arbitration. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 470 U.S. ——, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985). The Court observed in the *Byrd* case,

> [T]he preeminent concern of Congress in passing the Act [Arbitration Act, 9 U.S.C. § 1, et seq.] was to enforce private agreements into which parties had entered ... a concern which requires that we rigorously enforce agreements to arbitrate.

*See e.g. Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), *Prima Paint Corp. v. Floor & Conklin Mfg. Co.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967).

In opposition to the motion to compel arbitration, plaintiff rests on the case of *Mansbach v. Prescott, Ball & Turben, et al.*, 598 F.2d 1017 (6th Cir.1979). In that case, the Sixth Circuit held that claims under the 1934 Act, such as those now before the court, are not subject to arbitration. Defendant questions plaintiff's reliance on

---

**3.** In *Byrd,* the petitioner brokerage firm and amici wanted the Court to consider the applicability of *Wilko* to actions brought under section 10(b) and Rule 10(b)–5. At the district court level, however, the defendant did not seek arbitration of these claims. Therefore, the Supreme Court held that the matter was not properly before it and declined to rule on the issue.

*Mansbach* given the Court's recent pronouncement in *Byrd* along with the trend towards enforcing arbitration agreements.

A closer look at *Mansbach* supports defendant's position. At the district court level, the court dismissed the federal claims in Mansbach's complaint and stayed all action. The Sixth Circuit, citing *Wilko* and without further explanation, stated:

> [w]hile *Wilko* arose under only the Securities Act of 1933, its holding and rationale are equally applicable to cases arising under the Securities Exchange Act of 1934.

598 F.2d at 1030. The court then listed a number of cases which reached the same result and did not provide further analysis or explanation.

Given the substantial differences between the 1933 and 1934 Act, which the *Mansbach* panel did not address, along with the Court's recent teachings in *Byrd* and *Mitsubishi*, this court must question the precedential value of *Mansbach*. The trend in Supreme Court rulings is toward arbitrability in an increasing number of cases. *Mitsubishi*, 105 S.Ct. at 3354–55 (antitrust claims). *Byrd*, 105 S.Ct. at 1242, *Moses H. Cone*, 460 U.S. at 24, 103 S.Ct. at 941. The Sixth Circuit in *Mansbach* simply concluded that under *Wilko* arbitration was proper and did not address any of the concerns now raised by defendant. Additionally, the *Mansbach* panel did not have the benefit of the Court's rulings in either *Byrd* or *Mitsubishi*.

*Wilko* is distinguishable from the present case as noted by Justice White in his *Byrd* concurrence. This court recognizes that *Mansbach* is prior Sixth Circuit precedent, but its continued viability is highly questionable given the Supreme Court's pronouncement in *Byrd*, and it appears to be prudent to decline respectfully from applying it as binding precedent in the case at bar.

The overwhelming majority of lower federal courts have accepted the Court's invitation in *Byrd* and have ordered arbitration of claims under the 1934 Act and Rule 10(b)–5. E.g., *Ross v. Mathis*, 624 F.Supp.

110, Fed.Sec.L.Reptr. ¶ 92,343 (N.D.Ga. 1985), *Land v. Dean Witter, Reynolds, Inc.*, 617 F.Supp. 52 (E.D.Va.1985).

Under these circumstances, the court grants defendants' motion to compel arbitration and orders this matter stayed for 90 days pending arbitration of the relevant claims. Thereafter, the parties are ordered to attend a conference before the court at 2:00 p.m. on Tuesday, March 18, 1986, to discuss the status of the case.

IT IS SO ORDERED.