Milton **CARDONA TIRADO**, Plaintiff,

v.

**SHEARSON LEHMAN AMERICAN EXPRESS, INC., Prudential Bache Securities, Inc., and A.G. Becker Incorporated, Defendants.**

Civ. No. 85–1758(JAF).

United States District Court,
D. Puerto Rico.

April 16, 1986.

Guillermo A. Nigaglioni, Hato Rey, P.R., for plaintiff.

Salvador Antonetti, Fiddler, Gonzalez & Rodriguez Law Offices, San Juan, P.R., for defendants.

## OPINION AND ORDER

FUSTÉ, District Judge.

On August 22, 1985, Milton Cardona Tirado, a securities investor, filed a complaint against broker-dealers Shearson Lehman American Express, Inc., Prudential Bache Securities, Inc., and A.G. Becker, Inc. for alleged federal and state law violations resulting from unauthorized investments, fraud, and churning in the management of his account. Plaintiff asserts federal jurisdiction under the Securities Act of 1933, 15 U.S.C. Sec. 77a, the Securities Exchange Act of 1934, 15 U.S.C. Sec. 78a, and diversity of citizenship. Prudential Bache counters with a motion to compel arbitration under the Federal Arbitration Act, 9 U.S.C. Secs. 1, 2, in which Shearson Lehman joins.

Cardona opposes the arbitration petition filed by Prudential Bache on grounds that 1) there is no agreement to arbitrate, and 2) even if one exists, an agreement to arbitrate federal claims is unenforceable. Shearson Lehman's motion stands unopposed.[1]

### I.

We first turn to the Federal Arbitration Act. Under 9 U.S.C. Secs. 1, 2, a written agreement to arbitrate a dispute arising out of a "transaction involving commerce" is judicially enforceable unless arbitration has been waived. *McMahon v. Shearson/American Express*, 618 F.Supp. 384, 386 (S.D.N.Y.1985). It is undisputed that the facts in Cardona's complaint constitute a "transaction involving commerce." 9 U.S.C. Sec. 1; *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 401 n. 7, 87 S.Ct. 1801, 1805 n. 7, 18 L.Ed.2d 1270 (1967). The issues are: first, the existence of an arbitration agreement; second, the arbitrability of the underlying dispute and, if necessary, third, the place for arbitration. If the first two are decided for defendants, this Court has no choice but to compel arbitration and stay these proceedings, or alternatively, dismiss this case. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, ——, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985).

Whether the parties have agreed to arbitration depends, as with any contract, on their intentions. *See Ahn v. Rooney, Pace, Inc.*, 624 F.Supp. 368, 369 (S.D.N.Y.1985). This Court must give due regard to the federal policy favoring arbitration whenever reasonable doubts surround the parties' intentions. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, —— U.S. ——, ——, 105 S.Ct. 3346, 3354–55, 87 L.Ed.2d 444 (1985). Prudential Bache has filed a motion submitting a photostatic copy of what purportedly is an arbitration agreement with Milton Cardona. The document appears to be signed by plaintiff and

---

1. Our resolution of the arbitration question makes it unnecessary to consider whether plaintiff has failed to plead fraud with particularity, Fed.R.Civ.P. 9(b), as Shearson Lehman claims.

is dated August 26, 1982. Cardona does not refute that his own name and account number with Prudential Bache are captioned in the "Customer's Agreement." Instead, he argues that the document is inadmissible evidence because the signature is illegible. This argument strikes us as more formalistic than substantive. Cardona does not deny the existence of an arbitration agreement. He submits that the photostatic copy cannot be "evidence" of one. We disagree. Fed.R.Evid. 1001(3), 1003. Plaintiff cannot override the strong presumption favoring arbitration merely by engaging in a battle of forms. On the record before us, we are convinced that the parties have chosen arbitration.[2]

## II.

■■■ Clause 14 of the Customer's Agreement provides for arbitration of any dispute arising out of or relating to Cardona's account with Prudential Bache. Plaintiff maintains that the federal claims underlying the dispute are nonarbitrable. We proceed to the conflicting, but reconcilable, policies behind the Federal Arbitration Act and the federal securities laws.

The disclosure provisions of the Securities Act of 1933 ensure against misrepresentations in the sale of securities. *See* C. Katsoris, *The Arbitration of a Public Securities Dispute*, 53 Fordham L.Rev. 279 (1984); Note, *Mixed Arbitrable and Nonarbitrable Claims in Securities Litigation: Dean Witter Reynolds, Inc. v. Byrd*, 34 Cath.U.L.Rev. 525 (1985). A tension between the competing federal policies of protecting the investor and honoring arbitration was resolved in *Wilko v. Swan*, 346 U.S. 427, 435–36, 74 S.Ct. 182, 186–87, 98 L.Ed. 168 (1953). That case held that an agreement to arbitrate section 12(2) claims of the 1933 Act, 15 U.S.C. Sec. 771(2), is unenforceable. Under section 77n, any "stipulation" waiving compliance with any "provision" of the Act is "void." Reason-

ing that the Securities Act confers to an aggrieved investor an *express* right of action, the Supreme Court concluded that an agreement to arbitrate section 12(2) claims amounts to a "stipulation" waiving the right to judicial recourse and, therefore, is "void." The federal interest favoring arbitration becomes more compelling than in *Wilko* when a complaint, as here, combines nonarbitrable federal claims with arbitrable state-law claims. In such case, a federal district court must compel arbitration of state-law claims despite the possibility of "inefficient maintenance of separate proceedings in different forums." *Byrd*, 105 S.Ct. at 1241.

Congress did not foresee a separate conflict between the Federal Arbitration Act and the Securities Exchange Act of 1934. The arbitrability of section 10(b), 15 U.S.C. Sec. 78j, and Rule 10b–5 claims, 17 C.F.R. Sec. 240.10b–5, is a novel question in the First Circuit, *see Prawer v. Dean Witter Reynolds, Inc.*, 626 F.Supp. 642, 646 (D.Mass.1985), and one left unresolved by the Supreme Court in *Byrd*. There is a basis, however, for giving greater weight to the Federal Arbitration Act in the context of section 10(b) or Rule 10b–5. Both the Supreme Court in *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 513–14, 94 S.Ct. 2449, 2454–55, 41 L.Ed.2d 270 (1974), and Justice White in *Byrd*, 105 S.Ct. at 1243–45 (concurring), noted that the 1934 Act is substantially different from the 1933 statute. A main difference is that the private right of action under section 10(b) and Rule 10b–5 is judicially *implied*, not express. Thus, the 1934 Act does not create the "special right" that the Supreme Court in *Wilko* considered important. *Scherk*, 417 U.S. at 514, 94 S.Ct. at 2454. Justice White also noted in *Byrd* that an implied right of action does not differ from an arbitrable common law action. Accordingly, most lower federal courts have expressed doubts about exercising federal jurisdiction when Congress has not created a judicial remedy

---

**2.** Aside from joining Prudential Bache in the arbitration petition, Shearson Lehman has not submitted any exhibits which demonstrate the existence of an arbitration agreement with Car-

dona. This is not necessary in every case. Particularly here, where Shearson Lehman's allegations have *not* been rebutted by plaintiff.

and when the parties have voluntarily chosen arbitration. *See McMahon*, 618 F.Supp. at 388. Second, the "waiver" provision of the 1934 Act, 15 U.S.C. Sec. 78cc(a), is literally inapplicable for there is no express right of action which can be waived. Third, the jurisdictional section of the 1934 Act, 15 U.S.C. Sec. 78aa, is narrower than its 1933 Act counterpart, 15 U.S.C. Sec. 17u. For these reasons, this Court joins the growing number of federal courts holding that claims under section 10(b) and Rule 10b–5 are arbitrable.[3]

We are unpersuaded by the reasoning of a number of federal courts opposing arbitration. A few courts have relied on a rule promulgated by the Securities and Exchange Commission ("SEC"). *Levendag v. Churchill*, 623 F.Supp. 620, 623 (D.C.S.C. 1985); *Scharp v. Cralin & Co., Inc.*, 617 F.Supp. 476, 480 (S.D.Fla.1985). Under 17 C.F.R. Sec. 240.1562–2(a) (1985), customers are not bound to arbitrate with broker-dealers any dispute "arising under the federal securities laws." This rule followed the *Wilko* decision. Its continuing vitality as to section 10(b) and Rule 10b–5 claims is questionable. In *Byrd*, 105 S.Ct. at 1244, Justice White warned: *"Wilko's* reasoning cannot be mechanically transplanted to the 1934 Act." Further, unlike some courts, the District of Puerto Rico is not bound by *pre-Byrd* precedent in other circuits holding the nonarbitrability of claims under the 1934 Act. *See Rojas Cancanon v. Smith Barney, Harris Upham & Co.*, 612 F.Supp. 996, 999 (S.D.Fla.1985); *Webb v. R. Rowland & Company, Inc.*, 613 F.Supp. 1123, 1124 (E.D.Mo.1985); *Leone v. Advest, Inc.*, 624 F.Supp. 297, 302 (S.D.N.Y.1985). Finally, the Customer's Agreement here does not expressly prohibit waiver of the right

to a judicial remedy as in *Scharp*, 617 F.Supp. at 479–80. Cardona's state-law, section 10(b) and Rule 10b–5 claims are arbitrable. Section 12(2) claims of the 1933 Act are not.

### III.

■ The third and last consideration is the situs for arbitration. Prudential Bache inexplicably assumes that arbitration must be held in the State of New York. A court must order "... to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. Sec. 4. In an apparent contradiction, section 4 also provides that "[t]he hearing and proceedings, under such agreement, shall be within the district which the petition for an order directing such arbitration is filed." Generally, the place of filing the petition—here Puerto Rico—determines the arbitration locale. *Econo-Car Int'l, Inc. v. Antilles Car Rentals, Inc.*, 499 F.2d 1391, 1394 (3rd Cir.1974). This seemingly parochial rule has an exception grounded on the robust federal policy honoring the parties' intentions in an arbitration agreement. Thus, where the parties have 1) *expressly* agreed to arbitrate in a particular place, and 2) the forum-selection clause is not unfair or unreasonable, a court cannot circumvent the clear intent of the parties. *Snyder v. Smith*, 736 F.2d 409, 419–20 (7th Cir.), *cert. denied*, —— U.S. ——, 105 S.Ct. 513, 83 L.Ed.2d 403 (1984).[4]

■ Upon examining the record, we conclude that arbitration should take place in Puerto Rico. Clause 14 of the Customer's Agreement between Prudential Bache and Milton Cardona provides:

**3.** *Finkle and Ross v. A.G. Becker Paribas, Inc.*, 622 F.Supp. 1505, 1509 (S.D.N.Y.1985); *Morgan, Olmstead, Kennedy & Gardner v. U.S. Trust*, 608 F.Supp. 1561, 1564–69 (S.D.N.Y.1985); *Abrantes v. St. Gotthard Schiffahrts, A.G.*, 621 F.Supp. 49, 50 (S.D.N.Y.1985); *McMahon v. Shearson/American Express, Inc.*, 618 F.Supp. 384, 386 (S.D.N.Y.1985); *Finn v. Davis*, 610 F.Supp. 1079, 1082 (S.D.Fla.1985); *West v. Drexel Burnham Lambert, Inc.*, 623 F.Supp. 26, 27–28 (W.D. Wash.1985); *Moncrieff v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 623 F.Supp. 1005, 1008 (E.D.Mich.1985); *Peele v. Kidder Peabody & Co.*, 620 F.Supp. 61, 63 (W.D.Mo.1985); *Dees v. Distenfield*, 618 F.Supp. 123, 126 (C.D.Cal.1985); *Ross v. Mathis*, 624 F.Supp. 110, 116–17 (N.D. Ga.1985); *Jarvis v. Dean Witter Reynolds, Inc.*, 614 F.Supp. 1146, 1151–52 (D.Vt.1985); *Prawer v. Dean Witter Reynolds, Inc.*, 626 F.Supp. 642, 646 (D.Mass.1985).

**4.** We need to consider only the first of the two requirements.

This contract shall be governed by the laws of the State of New York ... Any controversy shall be settled by arbitration in accordance with the rules then obtaining of either the American Arbitration Association or the Board of Governors of the New York Stock Exchange.

Unlike *Snyder v. Smith*, it is evident that Clause 14 does not expressly provide for arbitration in a particular forum, namely New York. The arbitration rules of either the American Arbitration Association ("AAA") or the New York Stock Exchange ("NYSE") do not advance defendant's cause. Rule 11 of the Commercial Arbitration Rules of the AAA, as amended March 1, 1986, provides that if the parties have not mutually agreed to a locale, the arbitrator shall have the authority to determine it. The arbitrator will consider the following factors: (1) location of the parties, (2) location of witnesses and documents, (3) consideration of relative cost as it relates to amount in controversy, (4) place of performance of contract, (5) laws applicable to contract, (6) place of previous court actions, (7) location of most appropriate panel of arbitrators, (8) other factors raised by the parties. AAA, *Commercial Manual*, Form Letter C–9 at 1 (Mar.1986). Under the arbitration rules of the NYSE, "[u]nless the law directs otherwise, the time and place for the initial hearing shall be determined by the Director of Arbitration and each hearing thereafter by arbitrators." 2 *N.Y.S.E. Guide* (CCH) R. 613, para. 2613 at 4317 (1985).

By now two things are apparent. One is that the Customer's Agreement does not *expressly* provide for arbitration in New York. The other is that the locale for arbitration remains an open question under the arbitration rules of the NYSE and the AAA. For these reasons, it would be unfair for Cardona, a domiciliary of Puerto Rico, to expect being haled to arbitration in a distant forum such as New York.[5] We rely for support on *Union Mutual Stock*

*Life Ins. v. Beneficial Life*, 774 F.2d 524, 527–28 (1st Cir.1985). There, the First Circuit held that an agreement to arbitrate in Maine subjected Beneficial Life to the personal jurisdiction of Maine courts. A choice of law provision is not enough. "The essential factor is that the parties agreed to arbitrate in a particular forum." *Id.* at 527. This is essentially a rule of fairness. The "essential factor" which the First Circuit in *Beneficial Life* found significant is noticeably absent here. Thus, it would be unfair to compel arbitration in New York State. Because the Customer's Agreement fails to specify the place for arbitration, we ORDER that arbitration be conducted in Puerto Rico. 9 U.S.C. Sec. 4.

BY VIRTUE OF THE FOREGOING, the request to compel arbitration is hereby GRANTED as to codefendants Prudential Bache and Shearson Lehman. Since A.G. Becker Incorporated has failed to plead or otherwise defend as required by law, Fed. R.Civ.P. 12, 55, its default shall be entered forthwith as requested. The case is hereby REMANDED to arbitration as it pertains to Prudential Bache and Shearson Lehman. A judgment of dismissal of the complaint without prejudice as to said codefendants shall issue. Fed.R.Civ.P. 41(b). Trial on default against A.G. Becker Incorporated shall be held on May 13, 1986, at 2:00 P.M.

IT IS SO ORDERED.

---

**5.** We will not favor petitions seeking arbitration outside of this district, an island at least 1,000 nautical miles away from the closest point of continental USA if it is obvious that harassment is present or the cost, as it relates to the amount in controversy, does not favor arbitration outside of this district. This is our firm commitment.