Harvey I. **ALPERT** and **Harriet J. Alpert**, Plaintiffs,

v.

**ALPHAGRAPHICS FRANCHISING, INC.,** Defendant.

Civ. A. No. 89–5040.

United States District Court,
D. New Jersey.

March 8, 1990.

Freeman, Mintz, Hagner & Deiches, P.A., Haddonfield, N.J. by Thomas J. Hagner, for plaintiffs.

Ross & Hardies, Somerset, N.J. by Ellen L. Berdy, for defendant.

## OPINION

COHEN, Senior District Judge:

This breach of franchise contract case comes before the court on a motion for a stay pending arbitration in Arizona or to dismiss by defendant, Alphagraphics Franchising, Inc., against plaintiffs, Harvey I. Alpert and Harriet J. Alpert. Plaintiffs cross-move to stay arbitration or in the alternative to compel arbitration in New Jersey.

## FACTS

The parties entered into a franchise agreement on December 4, 1986, whereby plaintiffs were granted an exclusive territorial franchise to operate an electronic graphics, copying and printing business using the defendant's trademark. The agreement contained a covenant that plaintiffs not compete after the termination of the agreement, as well as the following arbitration clauses:

All disputes, claims and questions *regarding the rights and obligations of franchiser and franchisee under the terms of this Agreement,* other than a dispute relating to a field representative's inspection, subject to Section Fifteen herein, are subject to arbitration. *Either party may make a demand for arbitration by filing such demand in writing with the other party within*

*thirty (30) days after the dispute arises.* Thereafter, arbitration shall be conducted by three arbitrators under the rules of the American Arbitration Association.

This Franchise Agreement and the construction thereof shall be governed by the laws of Arizona. *Any controversy or claim arising out of or relating to this Agreement or any breach thereof,* including, without limitation, any claim that this Agreement or portion thereof is invalid illegal or otherwise voidable, *shall be sumitted (sic) to arbitration* by a panel of three arbitrators in accordance with the American Arbitration Association.... *The situs of the arbitration proceedings Tucson, Arizona.*

Sections 27 and 52 of the Agreement (emphasis added).

On February 7, 1989 defendant sent plaintiffs a demand letter for monies allegedly owed under the agreement. Plaintiffs did not respond, and defendant sent a notice of default on February 24, 1989. The notice of default demanded that the plaintiffs make satisfactory arrangements with defendant, or defendant would proceed against them according to the agreement. On June 8, 1989 defendant terminated the agreement with plaintiffs. Subsequently, defendant served plaintiffs with a demand for arbitration on September 5, 1989, and filed its demand with the American Arbitration Association in Arizona.

Plaintiffs did not respond to the demand for arbitration, rather they filed this action in a state court of New Jersey on October 19, 1989. Plaintiffs allege that defendant fraudulently induced them to enter into the franchise agreement, and that said inducement resulted in violations of the New Jersey Consumer Fraud Act, N.J. Stat. 56:8–1 et seq. (1989). Plaintiffs also allege that defendant committed unlawful business practices as defined by the New Jersey Franchise Practices Act, including failing to provide sixty days notice of termination of the agreement. N.J. Stat. 56:10–1 et seq. (1989). Defendant filed and served a notice of removal to this court on November 29, 1989. The order for removal was entered on December 15, 1989.

Defendant now moves for dismissal of the complaint, or in the alternative an order compelling arbitration in Arizona. Plaintiffs cross-move to stay arbitration, or in the alternative compel arbitration in the state of New Jersey.

DISCUSSION

Defendant, from Arizona, and plaintiffs, from New Jersey, entered into a franchise agreement, which included an arbitration clause and involved interstate commerce. As such their agreement is subject to the Federal Arbitration Act (Act). 9 U.S.C. § 1 et seq. (1970). The Act provides that "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Defendant maintains that the arbitration clause is valid, and plaintiffs are contractually bound to arbitrate this dispute under the Act, and therefore the court should dismiss this action. Plaintiffs maintain that defendant waived its right to arbitrate, and that there are issues involved in this dispute which are not arbitrable, therefore the court should stay arbitration. Additionally, both parties request, in the alternative, that we compel arbitration. Defendant requests that the situs be Arizona, while plaintiffs request that, if we are to compel arbitration, the situs be New Jersey.

*Waiver*

The franchise agreement provides that "[e]ither party may make a demand for arbitration by filing such demand in writing with the other party within thirty (30) days after the dispute arises." Defendant terminated the agreement with plaintiffs on June 8, 1989, but did not serve them with a demand for arbitration until September 5, 1989. Plaintiffs maintain that this exceeds the thirty days specified in the agreement, therefore defendant waived its right to arbitrate.

"Questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Moses H.*

*Cone Memorial Hospital v. Mercury Construction Corporation,* 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983). Moreover "[a]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver...." *Id.* at 24–25, 103 S.Ct. at 941. In the instant case, the problem at hand involves the construction of the contract language regarding waiver.

In *N & D Fashions, Inc. v. DHJ Industries, Inc.,* 548 F.2d 722 (8th Cir.1976), the court described two distinct types of waiver. First, a waiver can occur when a party participates in a law suit or takes other actions involving the judicial forum, which are inconsistent with its right to arbitrate. *Id.* at 728. When the "issue of waiver turns on the significance of actions taken in a judicial forum, the issue is one for the court, rather than the arbitrator." *Weight Watchers of Quebec LTD. v. Weight Watchers International, Inc.,* 398 F.Supp. 1057, 1059 (E.D.N.Y.1975). "Alternatively 'waiver' can be used in the sense of 'laches' or 'estoppel'. In this sense, waiver applies to bar arbitration when the process would be inequitable to one party because relevant evidence has been lost due to the delay of the other...." *N & D Fashions, Inc.* at 728. This type of waiver is generally determined by an arbitrator. *Id.* at 728.

■ There is yet another type of waiver. As in this case, the issue of waiver can turn upon the contractual language itself. Interpreting the contractual language is the primary province of the arbitrator. Under these circumstances there is no special reason to reserve this issue for the courts, rather than the arbitrator. The issue turns on the intent of parties, not any action taken before the court. Since "[a]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," (*Moses,* 460 U.S. at 24–25, 103 S.Ct. at 941) we determine that the question of waiver in this case is one for the arbitrator. *See Davis v. Probasketball Inc.,* 381 F.Supp. 1, 5 (S.D.N.Y.1974); *contra Sucrest Corporation v. Chimo Ship-*

*ping Limited,* 236 F.Supp. 229 (S.D.N.Y. 1964); *Brick Township Municipal Utilities Authority v. Diversified R.B. & T. Construction Co. Inc.,* 171 N.J.Super 397, 409 A.2d 806 (App.Div.1979).

*Scope of the Arbitration Agreement*

Plaintiffs maintain that the first five counts of their complaint do not fall within the scope of the arbitration agreement. These counts involve fraudulent inducement to enter the contract, two violations of the New Jersey Consumer Fraud Act, N.J. Stat. 56:8–1 et seq. (1989), and two violations of the New Jersey Franchise Practices Act, N.J. Stat. 56:10–1 et seq. (1989).

■ Plaintiffs claim that the arbitration clause in the agreement is limited, and does not include language typically used to establish an all-inclusive arbitration agreement. Plaintiffs refer to section 27 of the agreement which provides that "[a]ll disputes, claims and questions regarding the rights and obligations of the franchiser and franchisee under the terms of this Agreement, ... are subject to arbitration." They argue that since this section of the agreement does not use the phrase "arising out of or relating to", it is not an all-inclusive arbitration clause. However section 52 of the agreement, which discusses the situs of arbitration, provides that "[a]ny controversy or claim *arising out of or relating to* this Agreement or any breach thereof, ... shall be sumitted (sic) to arbitration by a panel of 3 arbitrators in accordance with the American Arbitration Association...." (emphasis added). We find that either section of the agreement is sufficiently broad in scope to cover all the issues in dispute between the parties.

The plaintiffs' first count involves fraudulent inducement to enter into the agreement. A claim of this sort is for the arbitrator. *Prima Paint Corp. v. Flood & Conklin Mfg, Co.,* 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). Even under section 27 of the agreement this claim is arbitrable. Whether the contract is valid certainly involves a question "regarding the rights and obligations of franchiser and

688

franchisee." Alternatively, the broad language in section 52 would cover this issue.

Plaintiffs' second through fifth counts involve statutory rights and obligations. In *Mitsubishi Motors v. Soler Chrysler–Plymouth*, 473 U.S. 614, 625, 105 S.Ct. 3346, 3353, 87 L.Ed.2d 444 (1985), the Court found no "warrant in the Arbitration Act for implying in every contract within its ken a presumption against arbitration of statutory claims." Nor did the Court find any "reason to depart from [the usual] guidelines where a party bound by an arbitration agreement raises claims founded on statutory rights." *Id.* at 626, 105 S.Ct. at 3354.

Plaintiffs maintain that these statutory claims are not claims "regarding the rights and obligations of franchiser and franchisee under the terms of [the] agreement." It is the agreement, however, that established the franchiser/franchisee relationship. All of plaintiffs' claims, although statutorily based, involve the rights and obligations in that relationship. Moreover, the agreement provides for arbitration of claims "arising out of or relating to" the agreement. These statutory claims certainly relate to the agreement. All the claims are based on actions taken by defendant as a franchiser, therefore they are arbitrable.

■ Plaintiffs also claim that the New Jersey Franchise Practices Act (Franchise Act) bars any waiver of the judicial forum. The Franchise Act provides that "[i]t shall be a violation of this Act ... to require a franchisee at the time of entering into a franchise agreement to consent to a release, assignment, novation, waiver or estoppel which would relieve any person from liability imposed by this Act." N.J. Stat. 56:10–7 (1989). This provision does not render arbitration clauses unenforceable. An arbitration clause does not relieve a party from liability under the Franchise Act, it simply determines the forum in which relief may be sought. The Franchise

Act does not evidence any special preference for the judicial forum. Moreover, the Court found that a state statute that required judicial resolution of a franchise contract, despite an arbitration clause, was inconsistent with the Federal Arbitration Act, and therefore violated the Supremacy Clause. *Southland Corp. v. Keating*, 465 U.S. 1, 10, 104 S.Ct. 852, 858, 79 L.Ed.2d 1 (1984).[1]

The arbitration clauses in the agreement apply to all of plaintiffs' claims. There is no presumption against arbitration for statutory claims, and the Court has found that fraudulent inducement to enter a contract is an arbitrable claim. Therefore, plaintiffs are required to submit their claims to arbitration.

*Venue*

■ The agreement provides for arbitration in Arizona. Plaintiffs, however, have requested arbitration in New Jersey. Moreover, they maintain that the court cannot compel arbitration anywhere but New Jersey. Section 3 of the Federal Arbitration Act provides that:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, *the court* in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement*, providing the applicant for the stay is not in default in proceeding with such arbitration.

Additionally Section 4 of the Act provides that:

*A party* aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration *may petition any United States district court*, which save for such

---

**1.** This is unlike the situation where a party asserts a statutory claim under ERISA. ERISA is a federal statute with a policy of federal court access. The Federal Arbitration Act must ac-commodate the policies underlying ERISA. *Barrowclough v. Kidder, Peabody & Co. Inc.*, 752 F.2d 923 (3d Cir.1985)

agreement would have jurisdiction ... *for an order directing that such arbitration proceed in the manner provided for in such agreement....* [T]he court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. *The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed.*

*Id.* (emphasis added).

These sections direct the court to order arbitration in accordance with the agreement, but also provide that the arbitration shall be within the court's district. In the instant case, since the agreement provides for arbitration in Arizona and the court sits in New Jersey, literal compliance with both sections is impossible.

In *Econo–Car International, Inc. v. Antilles Car Rentals, Inc.,* 499 F.2d 1391 (3d Cir.1974), the court held that the district court in the Virgin Islands could not compel arbitration in New York, despite the arbitration agreement. "Generally, the place of filing the petition ... determines the locale." *Cardona Tirado v. Shearson Lehman American Express, Inc.,* 634 F.Supp. 158, 161 (D.P.R.1986). However, "[w]e do not find this reason to be sufficient to override the parties' freely negotiated agreement." *Snyder v. Smith,* 736 F.2d 409, 419 (7th Cir.), *cert. denied,* 469 U.S. 1037, 105 S.Ct. 513, 83 L.Ed.2d 403 (1984). The defendant, who is seeking enforcement of the arbitration agreement, did not file this petition in New Jersey. Defendant sought arbitration in Arizona; plaintiffs responded by filing this lawsuit in New Jersey. Defendant's petition for arbitration before this court comes by way of a defense, and defendant had no control over the forum. "If [the plaintiffs] were to prevail here, any party to an arbitration agreement could avoid the effect of the agreed to forum merely by filing suit in a different district. This in turn could lead to the parties racing to different courthouses to obtain what each thinks is the most convenient forum for it, in disregard of its contractual obligations." *Id.* at 419–420.

Therefore we will not compel arbitration in New Jersey. As we cannot compel arbitration in Arizona, we will simply stay these proceedings. This will allow defendant to proceed with arbitration in accordance with the agreement, and if necessary petition the court in Arizona. We will stay these proceedings rather than dismiss the case in the event that the arbitrator finds that defendant waived its right to arbitration, and plaintiffs are entitled to proceed before this court.

For the aforementioned reasons defendant's motion for a stay pending arbitration shall be granted, and plaintiff's cross-motion to stay arbitration shall be denied.