**CIRCUIT COURT OF THE CITY OF ALEXANDRIA**

Knepper

    v.

Ramm Foods, Inc.

June 11, 1992

Case No. (Law) CL920299

BY JUDGE ALFRED D. SWERSKY

Defendant's Motion to Compel Arbitration must be granted. Plaintiff argues that the alleged failure of Defendant to comply with Virginia's Business Opportunity Sales Act, §§ 59.1–263, *et seq.*, is not subject to the arbitration provisions of the contract as a matter of public policy and as a dispute not covered by the arbitration provision.

The Court finds the language of the arbitration provision sufficiently broad to cover the dispute alleged in the motion for judgment. *See, McMullin v. Union Land & Management Co.*, 242 Va. 337 (1991).

Other courts dealing with the issue of contracts allegedly procured by fraud (although Plaintiff makes no such allegation here), or through statutory violations, have ruled that such claims are covered by the arbitration provisions of contracts. *See, Peoples Sec. Life Ins. Co. v. Monumental Life Ins.*, 867 F.2d 809 (4th Cir. 1989); *Alpert v. Alphagraphics Franchising, Inc.*, 731 F. Supp. 685 (D. N.J. 1990); *Mitsubishi Motors v. Soler Chrysler-Plymouth*, 473 U.S. 614 (1985). While these cases deal with the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, the rationale remains the same under Virginia's Act.

The Uniform Arbitration Act, enacted in Virginia as Code of Virginia, § 8.01–581.01, states the arbitration provisions in contracts are valid and enforceable "except upon such grounds as exist at law or in equity for the revocation of any contract." There has been no showing that such grounds exist for the revocation of this arbitration

provision. Hence, the agreement between the parties will be enforced, and this cause will be stayed pending arbitration.